ST. LOUIS AGRICULTURAL & MECHANICAL ASSOCIATION, Respondent, v. J. P. REINECKE ET AL., Appellants.

### St. Louis Court of Appeals, April 6, 1886.

1. FORCIBLE ENTRY—JUSTICES—CHANGE OF VENUE.—In an action of forcible entry and detainer, the justice's refusal to grant a change of venue can not be taken advantage of in the circuit court on appeal.

2. ——— CONSTRUCTIVE POSSESSION.—Actual possession of a portion of the land claimed by the plaintiff in forcible entry and detainer, carries with it a constructive possession of the whole.

3. ——— EVIDENCE.—In such an action, if the plaintiff, when his possession was interrupted, had actual possession of a part of the land claimed by him, he may introduce his deeds for the purpose of showing his boundaries.

4. ——— In such a case, it is not error to refuse to allow the defendant to introduce his deeds for such purpose, since the extent of his claim of possession is not in controversy.

5. ——— In such a case, it is not error to refuse to allow the defendant to prove payment of rent to the person from whom he claims to derive his claim of possession.

6. ——— A survey, by a claimant, of a lot of land, the staking of the corners, the putting up of boards with the inscription "keep out," the piling of lumber upon it, and the grading of it for building purposes, is such a possession of it as will enable him to maintain an action for forcible entry and detainer against an adverse claimant who suddenly interrupts that possession.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Affirmed.*

MUENCH & CLINE, for the appellant: The appellant was entitled to a change of venue. *Voigt v. Avery,* 14 Mo. App. 48; *Woodhull v. Kelly,* 10 Bradw. 455; *Colvin v. Six,* 79 Mo. 199; *The state ex rel. v. Six,* 80

Mo. 61.   The admission of the plaintiff's deeds was error. Taylor's L. & T., sects 774, 777; *Seifert v. Withington*, 63 Mo. 577.   "A mere trespasser can not, by the very act of trespass, immediately, and without acquiescence on the part of the land owner, become possessed of the land upon which he has trespassed, and which he tortiously holds, and he may be expelled by main force, unless the owner, through laches, allows trespass to ripen into possession."   Addison on Torts (Dudley & Baylies' Ed.) 330; *Dyer v. Baumeister*, 14 Mo. App. 575; *Dyer v. Reitz*, 14 Mo. App. 45, and cases there cited.   One who wrongfully, and without color of title, intrudes upon the land of another, will be confined as to his possession to the part or portions actually occupied. *Mylar v. Hughes*, 60 Mo. 105; *Harris v. Turner*, 46 Mo. 438; *Powell v. Davis*, 54 Mo. 315, 318.

FRED. WISLIZENUS and E. C. TITTMANN, for the respondent:   "If the plaintiff was in peaceable possession, whether rightfully or wrongfully, the defendants had no right to forcibly dispossess him   *   *   *   no superior right of the defendant could justify them in ousting him by force." *Harris. v. Turner*, 46 Mo. 439; *King's Adm'r v. St. Louis Gas Light Co.*, 34 Mo. 34.   Frequent walking over an unenclosed lot in a prairie is no visible mark of possession; nor is the contemplation of building without any act further than the discussion of the project. *Hopkins v. Buck*, 1 A. K. March, 111. The court was right in receiving plaintiff's deed in evidence, and also right in excluding defendant's assignment of the Conway lease. *Huftalin v. Misner*, 70 Ill. 205.

LEWIS, P. J., delivered the opinion of the court.

This is an action of unlawful detainer. The premises in controversy were two lots numbered eleven and twelve, being part of a larger area on which the plaintiff, in

March, 1885, was proceeding to build a number of stables to be used in connection with its race track. On Sunday, April 12, 1885, the defendants took possession of the two lots, by building a wire fence around them. On appeal by the defendants from a justice of the peace, the plaintiff recovered judgment in the circuit court.

Before the justice, the defendants made application in the general statutory form for a change of venue. The justice denied the application. In the circuit court, the defendants insisted on a dismissal of the cause, for want of jurisdiction in the justice, after the filing of the application for a change of venue. The dismissal was refused, and the same point is presented here as a ground of reversal, with the additional contention that it was the duty of the circuit court to reverse the judgment of the justice, for his error in refusing the change of venue. There is nothing tenable in either view of the defendants' complaint. When the case reached the circuit court, that tribunal could only "proceed to hear, try, and determine the same anew, as if it had originated in such court, without regarding any error, defect, or informality in the proceedings of the justice." Rev. Stat., sect. 2491. Suppose it to be true that the justice committed error in refusing the change of venue. Yet, how could the circuit court take any action upon that error, without a disobedience of the statute? The trial *de novo* in the circuit court furnished a complete substitute for all the advantages that the defendants could have gained by the removal to another justice. We are referred to *Colvin v. Six*, 79 Mo. 199, and *The State v. Six*, 80 Mo. 61. The cases are not in point. They show that, "a judgment entered by a justice of the peace after a change of venue has been applied for in due form, on the ground of prejudice on his part, is erroneous;" but they do not show that his error may be made available for any purpose in the circuit court on appeal. They do not show that the justice's error avoids his jurisdiction. On the contrary,

they declare that his jurisdiction remains intact, until an actual order made for a change of venue ; so that his judgment can not be attacked on that ground in a collateral proceeding. There was, then, no failure of jurisdiction in the present case, and no reason why the circuit court should have dismissed the cause.

The plaintiff introduced in evidence a deed from the board of public schools, stating at the time that it was not "for the purpose of establishing title, or color of title, but solely for the purpose of defining the boundaries of the property and identifying the premises to which its possession, as hereinafter shown, applied." Rev. Stat., sect. 2449. Afterwards, the defendants offered an instrument of transfer from Hattie Conway and her husband to defendant Reinecke, conveying all their interest in a leasehold of the lots in controversy, having a term of ten years from June 15, 1884, which leasehold was recited in the plaintiff's deed from the board of public schools. This transfer bore date October 17, 1884. It was excluded on the plaintiff's objection, and this ruling is assigned for error. The argument for the admissibility of this testimony seems to proceed upon an idea that it was competent to show the relation in which the defendant Reinecke stood toward the land, through a former rightful possessor. This is only another way of saying that he might prove his right of possession. Nothing could be further from the law of unlawful detainer. The only question at issue was that of actual possession existing at the time of the alleged wrongful entry and detainer. The right of possession in either party belonged to a different form of proceeding. Nothing is gained by a reference to the plaintiff's introduction of a deed from its grantor. That was accompanied by a distinct disclaimer of any bearing on the plaintiff's right of possession, and a declaration that its only purpose was a definition of boundaries. Its office was descrip-

tive, and nothing more. The defendants' case needed no such descriptive proof, unless as it might be under a claim of license from the plaintiff, which was not pretended to. The paper was properly excluded.

The testimony tended to show that the Conways occupied a shanty on the lots in controversy until some time in 1884, when they moved off, taking the shanty with them. The lots were then wholly unoccupied until March 20, 1885, when the plaintiff caused the whole area claimed by it, including the lots in dispute, to be surveyed, staked off, and graded with a view to the building of its stables. Some lumber, for the same purpose, was deposited on the lots. It does not appear that up to this time any act was done on the part of the defendants, indicative of actual possession of the premises. The defendant Reinecke visited the lots a number of times, and, on one or two occasions, strolled over them on Sundays, in company with a builder, discussing plans for the erection of one or more tenement houses. Nothing, whatever, was ever done towards the execution of this contemplated scheme. No contract was made, and no plan was drawn. The defendant Reinecke ordered a teamster of the plaintiff to remove the lumber from the lots claimed by him, and the removal was made, by whom, does not appear, on the following day. On April 12, 1885, the defendants took possession of the lots, by enclosing them with a wire fence.

This general outline suffices to indicate that there was ample testimony upon which the jury might find that the plaintiff was in actual possession of the premises, when the defendants intruded upon, seized, and detained them. It is unnecessary to consider the instructions at length. Those given for the plaintiff correctly expounded the law of the case, and the finding of the jury upon the testimony was in harmony with them.

Exceptions were saved to the rulings of the court in refusing permission to the defendants to prove certain

payments and tenders of rents by them to the school board and to the plaintiff. Payment of rent, with no other indication of occupancy, proves nothing on the question of possession, in unlawful detainer. It may explain the character of one's possession, when the fact is proved *aliunde*, but in a case like the present, its only tendency, if admitted in evidence, would be to mislead the jury as to the real issue on trial before them. There was no error in the exclusion.

The instructions refused to the defendants were manifestly not the law of this case, and were rightly refused. It would be useless to occupy space in discussing them at length, since enough has been said to show that the judgment was for the right party. The instructions given for the defendants touched upon the verge of a liberality that might have resulted unfairly for the plaintiff.

We find no error in the record, and must affirm the judgment. Thompson, J., concurs; Rombauer, J., not sitting.