BENJAMIN FORD, Respondent, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, March 19, 1888.

1. PRACTICE—MOTION TO RETAX COSTS—FEES—CONSTRUCTION OF SECTION 5621, REVISED STATUTES.—Under the provisions of section 5621, Revised Statutes (concerning the allowance of fees to witnesses and the delivery of scrip to them by the clerk), the clerk is allowed "the same compensation for said services as is now allowed by law for like services in issuing scrip to grand jurors." In either case, the compensation provided by the statute is intended to be in full for all the services so mentioned. And what is true in reference to witnesses attending before the grand jury is also true in reference to witnesses in all proceedings, both civil and criminal, as the statute makes no distinction between them.

2. ———— ———— RULE IN CONSTRUING STATUTES AS TO COSTS.—The rule in the construction of statutes in reference to costs is, that they must be construed strictly, "and that an officer cannot legally claim remuneration unless the state has expressly conferred the right." (*Shed v. Railroad*, 67 Mo. 690).

APPEAL from Holt Circuit Court, HON. CYRUS A. ANTHONY, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion of the court.

STRONG & MOSMAN and HUSTON & PARRISH, for the appellant.

I.   The clerk had no right to tax against the defendant the items of cost in suit, unless the statute specially authorized him to do so as a remuneration for the services claimed to have been performed by him, to-wit, "For 21 certificates to witnesses' affidavits, $5.25." The rule is, that the statute, with reference to cost,

must be strictly construed ; and no cost can be recovered except specially authorized by statute. *Shed v. Railroad*, 67 Mo. 687–90.

II. There is no law requiring the clerk to certify to the affidavits of witnesses, nor do the items of cost charged in this case, and embraced in the schedule of fees in section 5603—"For oaths and certificates to affidavits, 25c.,"—in any manner refer to the oath required in section 5621, to be taken by witnesses when claiming their fees ; nor does said section 5621, which fixes the duty of the clerk with reference to fees of witnesses, refer to the schedule embraced in section 5603. Rev. Stat., secs. 5603–21.

III. Section 5621 makes it the duty of the clerk, when fees are claimed by witnesses, to enter on his book, under the title of the cause in which the witness was summoned, etc., or, if before the grand jury, the names of the witnesses, the number of days in attendance, and the number of miles traveled, etc., and shall swear the witness to the truth of the facts contained in said entry. Rev. Stat., sec. 5621. This section defines the duty of the clerk, independently of and without reference to section 5603, and is, therefore, the only provision of the statute to be looked to in order to determine either the duty of the clerk or the remuneration allowed him for the performance of the duty required therein. *McGuire v. Savings Inst.*, 62 Mo. 344 ; *Ex parte Snyder*, 64 Mo. 58.

IV. Section 5621, Revised Statutes, does not require the witness to make an affidavit, nor does it require the clerk to certify to the oath of witnesses, nor that the oath shall be subscribed by the witness, but makes it the duty of the clerk to make certain entries in his book and swear the witness to the truth of the entries.

V. Section 2790 provides that each grand and petit juror on the regular panel shall receive $1.50 for every

day actually served, and five cents for every mile necessarily traveled, etc., to be paid out of the county treasury. Section 2791 requires the clerk of the court to keep a book in which he shall enter, upon the application of each juror, the number of days such juror shall have served as such, and the number of miles traveled, and such entry shall be verified by the oath of such juror. Section 2792 provides that upon the demand of a juror the clerk shall give him a scrip, verified by his official signature, showing the amount to which such juror is entitled, etc. And section 2793 provides that the clerk shall receive $1.50 for his services at each term of court in complying with the provisions " of the two (secs. 2791–2) preceding sections." Rev. Stat., secs. 2790–93. Section 5621, fixing the amount to be received by the clerk for the services therein required to be rendered the same as for like services for grand jurors, means not only that he shall recover the same amount, but from the same source, and, therefore, would have no right to tax his fees for such services in any other manner. *State ex rel. v. St. Louis,* 20 Mo, 499.

VI. These statutes should be construed with reference to the meaning and intention of the legislature in enacting them. *State ex rel. v. Diveling,* 66 Mo. 395, 397; *Connor v. Railroad,* 59 Mo. 285–92; 4 Mo. App. 215. After witnesses are discharged, they may claim their attendance and mileage or not, just as they please. When discharged by the court, they are no longer subject to the order of the court, and cannot make costs chargeable to either party. If they desire their pay, they must claim it, and if they claim it, being a matter for their own benefit, they, and not the parties litigant, should pay for it.

D. S. ALKIRE, JOHN W. STOKES, and H. S. KELLEY, for the respondent.

I. In the schedule of fees allowed to clerks of the circuit court in civil cases is the following: '"For oaths

and certificates to affidavits, 25c." Rev. Stat. 1879, sec. 5603. It is claimed that this provision authorizes the charge in question. This service is required by the statute, and is essential to the right of the witness to have his fees allowed. The clerk shall, on the application of any witness to have his fees allowed, enter on his books, under the title of the cause, the name of the witness, the number of days he has attended, and the number of miles he has necessarily to travel, and shall swear the witness to the truth of the facts contained in said entry. Rev. Stat., sec. 5621.

II.    This service is intended for the protection of the parties against illegal charges for fees, and is for their benefit alone. And although the witness may have been formally discharged as a witness, still, when he claims his fees, the entering of the claim by the clerk in the manner required is as much a service performed by him in the case as is the entering of the judgment after the decision of the court, or the issuing of an execution. This service is not required as a gratuity, and it certainly comes within the designation,. "For oaths and certificates to affidavits." The witness takes an oath in the form of an affidavit, entered of record and subscribed by him, to which the clerk adds the usual *jurat* or certificate. This is necessary to preserve of record the evidence of the verification of the fees claimed by the witness. Upon consulting the dictionaries, it will be seen that a *jurat* is a certificate—to an oath or affidavit.

III.    The appellant cites various sections of the statute upon the matter of fees for services rendered by the clerk, from which he inferentially argues that the clerk is entitled to nothing for the services rendered in this regard. But his parallels are too weak to have the force of argument against the right of the clerk to the fees charged. The case of *Murphy and Spillane*, 22 Mo. App. 476, cited by appellant, holds that the statute contemplates the payment of fees for services actually

rendered. It is not denied but the services were rendered here, and there seems to be no other compensation for this service.

. IV. Section 5621 requires that the clerk enter on his books the facts to be sworn to by the witness touching his claim to fees, and that the oath should be preserved in the form of an affidavit certified to by the clerk, and section 5603 provides the compensation therefor. So far as we have been able to learn, the clerks all use the same form and charge the same fee as was done in this case.

V. Appellant makes a labored effort to confound the law fixing clerks' fees in civil cases with that fixing fees in criminal cases, and with that providing compensation for taking claims of, and issuing scrip to, grand jurors and grand jury witnesses. Again, he takes the position that section 5621, Revised Statutes, fixes the clerk's compensation for the services in question, at the same he is allowed for taking claims of, and issuing scrip to, jurors and grand jury witnesses. Then he says,—"if they (witnesses) desire their pay, they must claim it, and if they claim it, being a matter for their own benefit, they, and not the parties litigant, should pay for it." It can hardly be possible that both of these positions are correct. The fact is, both are false. The first is false, because section 5621, Revised Statutes, in no manner whatever fixes the compensation of clerks in civil cases. And the second is false, because it is not for the benefit of the witness that he is brought into court to testify.

HALL, J.—This was a proceeding by the defendant on motion to retax costs. The matter was submitted to the court on the following stipulation: "At this time come the parties hereto. And it is for the purpose of the premises stipulated and agreed, that on the —— day of ——, 188—, the said Ford obtained judgment against the defendant for the sum of $——, and that in taxing the costs in said cause, the clerk of the circuit court of

Holt county, Missouri, in which court the said judgment was rendered, taxed as cost in said case, against the defendant, the following items: 'Twenty-one certificates to witness' affidavits, $5.25;' that said item of cost was charged and taxed for swearing witnesses to their attend-- ance, that is to say, for the number of days in attend-ance in the case, and number of miles traveled in attending court; that the number of witnesses charged is correct, and that each witness signed an affidavit, in a book kept by the clerk for that purpose, as follows: 'We, the undersigned, do solemnly swear that we were regularly subpoenaed, and have been in attendance as witnesses in the above-entitled cause for the party from the county, at the term, for the number of days, and have traveled the number of miles set opposite our respective names in obedience to the command of said subpoena.

"'Subscribed and sworn to before me, this —— day of ——, 188—.'"

The amount charged for each witness was twenty-five cents. (The above, except blanks for title of the cause, is the form used). The court decided against the defendant.

The single question in this appeal is thus presented: Was the charge made by the circuit clerk a proper charge?

This question turns upon the construction to be given certain sections of the statute concerning "Fees." Section 5621, Revised Statutes, is as follows: "The clerk of each court of record shall, on the application of any witness to have his fees allowed, enter on his book under the title of the cause in which the witness was summoned or recognized, or, if before the grand jury, the name of the witness, the number of days he has attended, and the number of miles he has necessarily to travel in consequence of the summons or recognizance, and shall swear the witness to the truth of the facts contained in said entry; and it shall be the duty of the

clerk to make out and deliver to each witness attending before the grand jury, and entitled to fees therefor, a scrip, as required in case of grand jurors, which scrip shall be countersigned by the foreman of the grand jury, and shall be paid by the county treasurer in like manner as now by law required for the pay of grand jurors; and the clerk shall be allowed the same compensation for said services as is now allowed by law for like service in issuing scrip to grand jurors. This section shall not apply to St. Louis city." The question in this case turns upon the construction to be given to the provision of the above section allowing the clerk "the same compensation for said services as is now allowed by law for like service in issuing scrip to grand jurors." If the compensation thus allowed the clerk is for all the services mentioned in said section the clerk's charge was confessedly improper, because the compensation allowed by that section is not such as the clerk charged.

The real question, therefore, is, is the compensation allowed by the section above set out, compensation for all the services mentioned therein or compensation only for the service rendered by the clerk in issuing scrip when required by said section? Since the compensation allowed by the statute is the same compensation "as is now allowed by law for like service in issuing scrip to grand jurors," in order to answer the question last suggested, it is necessary to consider the statute allowing compensation for the "like service" rendered by the clerk in issuing scrip to grand jurors. Section 2790, Revised Statutes, provides the "pay and *per diem*" for grand and petit jurors.

Section 2791 is as follows: "The clerk of the court shall keep a book, in which he shall enter, upon the application of each juror, the number of days such juror shall have served, and the number of miles necessarily traveled in obedience to the summons to serve on the jury, and such entry shall be verified by the oath of such juror."

Section 2792 is: "Upon the demand of such juror

the clerk shall give him a scrip, verified by his official signature, showing the amount which such juror is entitled to receive out of the county treasury."

Section 2793 is: "The clerk shall receive one dollar and fifty cents for his services at each term of the court in complying with the provisions of the two preceding sections."

The compensation thus allowed the clerk for his services in issuing scrip to grand jurors is, not only for the services performed in actually issuing the scrip, but also for all the services mentioned in section 2791 rendered by the clerk, necessary and preliminary to the issuing of the scrip. Those services, necessary and preliminary to issuing scrip, are exactly the same as the services for which the charge in controversy here was made, and which, by the provisions of section 5621, are necessary before the issuance of scrip in those cases where its issuance is authorized. All the services mentioned in section 5621, in other words, are like those required in issuing scrip to grand jurors. The compensation provided by section 5621 is the same compensation as that allowed for like service in issuing scrip to grand jurors. Since the services required in issuing scrip to grand jurors are like and in fact the same as the services mentioned in section 5621, it is clear that the compensation is intended to be in full for all the services so mentioned. The compensation is the same for like services. The services in the two cases are like. Whatever is the compensation in one case is the compensation in the other. This conclusion may be supported by other considerations. After setting out the various services to be performed by the clerk in civil and criminal cases alike, on the application of any witness to have his fees allowed, section 5621 makes a distinct provision for the issuance of scrip to witnesses attending before the grand jury, and then provides compensation, to use the words of the section, "for said services."

Unless the provision allowing compensation limits

it to certain of the services mentioned before in the section, the compensation is, as a matter of course, for all of said services. The compensation allowed is, by the terms of the section, declared to be the same as that allowed "for like service in issuing scrip to grand jurors." Certain it is, whatever services the clerk must perform in issuing scrip to grand jurors for a fixed compensation, he must perform in issuing scrip to witnesses attending before the grand jury, if necessary, for the same compensation.

It must be conceded that no charge could have been lawfully made for the services in controversy had the witnesses been attending before the grand jury. The statute, however, makes no distinction between such witnesses and witnesses summoned in civil and other criminal proceedings; therefore, what is true in reference to witnesses attending before the grand jury is also true in reference to witnesses in all proceedings, both civil and criminal.

The action of the clerk in making the charge in controversy was based upon section 5603, Revised Statutes, which provides that the clerks of the circuit courts of this state shall receive in all civil proceedings fees for their services as therein prescribed. Among the fees prescribed by said section is the fee of twenty-five cents "for oaths and certificate to affidavit." Section 5604 prescribes the fees for services rendered by clerks of courts having criminal jurisdiction in criminal proceedings. Among the fees fixed by that section is the fee of fifteen cents "for certificate to affidavit." The two services, although the words defining them are not exactly the same, are in fact one and the same service. The words defining the first service are in the conjunctive, but, since there cannot be a certificate to an affidavit without an oath, the word, "oaths," adds nothing to that service, the service after all being the making of a certificate to an affidavit. The rule in the construction of statutes, in reference to costs is, that they must be construed strictly, "and that an officer cannot

legally claim remuneration, unless the state has expressly conferred the right." *Shed v. Railroad*, 67 Mo. 690. By section 5621, the clerk is required to swear the witness to the truth of the facts contained in the entry made by the clerk, but he is not required to preserve the oath in the form of an affidavit. If we bear in mind that section 5621 makes no distinction between witnesses in civil and in criminal proceedings, this conclusion is strengthened by the provisions of section 5605, which are: "No fee shall be charged by any clerk, in any criminal case, against the state or any county, unless it is expressly allowed in the foregoing section." In obedience to this declaration of the legislative will, it must be held that the oath of the witness need not be preserved in the form of an affidavit, so far as concerns criminal cases, because section 5621 does not expressly require it, and as before said there is no distinction made by that section between civil and criminal cases. The clerk was not entitled, under the statutes cited, to the fees charged.

The judgment of the circuit court is reversed and the cause remanded, to be proceeded with in accordance with this opinion. All concur.