J. W. COOPER, Respondent, v. CHARLES F. BARKER, Appellant.

St. Louis Court of Appeals, December 11, 1888.

Jurisdiction: APPEAL DISMISSED. In a case originating before a justice of the peace, if the record fails to show that the justice had jurisdiction of the subject-matter, the appeal will be dismissed.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

APPEAL DISMISSED.

*Meriwether & Meriwether*, for the appellant.

*Henry Boemler*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The record in this case recites that, on a day named, there was filed in the office of the clerk of the circuit court of the city of St. Louis a transcript from the office of Thomas Campbell, Esq., a justice of the peace within and for the city of St. Louis, in a certain cause wherein J. W. Cooper is plaintiff and Charles F. Barker is defendant. Then follows a recital of the filing of a bill of exceptions in the circuit court, and then the bill of exceptions itself. But the transcript nowhere, either in the bill of exceptions or out of it, embodies the statement of claim or transcript of proceedings before the justice of the peace. Toward the close of the bill of exceptions there is this recital: "And thereupon counsel for both parties having appeared in open court and agreed that the foregoing bill of exceptions contains the whole of the record material to the adjudication of the

rights of the parties and the determination of the questions involved, being desirous of avoiding unnecessary expenses, have asked that only the bill of exceptions and papers therein specifically called for, and nothing more, be transcribed as the record on appeal, together with affidavit for appeal and appeal-bond and order granting the appeal; and it is accordingly so ordered."

It is a well-understood rule that consent cannot confer jurisdiction over the subject-matter of a cause. It is equally well settled that it is essential to the jurisdiction of the circuit court, and to the jurisdiction of this court on appeal from the circuit court, in actions commenced before justices of the peace, that it should appear by the record that the cause was one of which the justice had jurisdiction. The reason is that the jurisdiction of the circuit court and also that of the appellate court is derivative from that of the justice, and unless that court had jurisdiction, the jurisdiction of the successive appellate courts cannot be created by voluntary act of the parties appearing or consenting that the appellate court shall proceed in the cause. *McQuoid v. Lamb*, 19 Mo. App. 153; *Rankin v. Fairley*, 29 Mo. App. 587. We recognize the propriety of parties entering into stipulations for the purpose of diminishing the expense of litigation where the principles of the law allow it to be done; but parties can no more by such a stipulation invoke the exercise of our appellate jurisdiction upon a record which does not show jurisdiction in the court below than they could bring an agreed case to this court for decision in the first instance. Nor can the circuit court, by ordering that a record shall be made up in the way that this record is made, confer jurisdiction on this court or dispense with the necessity of our jurisdiction appearing by the record.

While in the state of the record, we are not in position to pass upon the merits, we deem it proper to say, for the guidance of the circuit courts in similar cases,

that the defendant's main contention is that the, ruling of the trial court is opposed to *Garnett v. Berry*, 3 Mo. App. 205, and *Henry v. Rice*, 18 Mo. App. 503. After the decision in *Garnett v. Berry*, the supreme court, in *Hilliker v. Francisco*, 65 Mo. 598, decided that the sub-contractor, or materialman, is entitled to a lien for the reasonable value of his labor, or the reasonable value of his material, regardless of the price that may have been fixed by the contract between the owner and principal contractor. This view, so far as it is opposed to what is said on the subject in *Garnett v. Berry*, necessarily over-rules that case. As it is the last controlling decision of the supreme court on the subject we should be bound to follow it, regardless of our individual views; and this would lead to an affirmance of the judgment of the trial court, if the record were in shape warranting us to con-sider the merits of the defendant's appeal.

It is ordered that the appeal be dismissed. All the judges concur.