STATE *ex rel.* WEDEKING, Respondent, v. SAMUEL E. McCRACKEN, Appellant.

Kansas City Court of Appeals, January 28, 1895.

1. **Appellate Practice: ABSTRACTS: STATEMENT.** Although the abstract in this case appears insufficient, a motion to dismiss the appeal is overruled by the court, as enough may be gathered from the statement to warrant the court is passing on some material questions raised in the brief.

2. **Mandamus**: APPEAL FROM JUSTICE: STATUTE CONSTRUED. Where, on a proper application, a justice refuses to allow a change of venue, *mandamus* will lie against the justice, since the relator's remedy by appeal is not an adequate one.

3. ———: ADEQUATE REMEDY. *Mandamus* is issued only as a *dernier ressort* when other remedies fail. An adequate remedy is one which reaches the end intended and actually compels the performance of the duty refused.

4. ———: APPEAL FROM JUSTICE: ADEQUATE REMEDY. A litigant in a justice's court has a specific legal right to have his case tried and determined, and, on filing the necessary affidavit, to have his cause removed to another justice, and an appeal to the circuit court is not an adequate remedy.

5. **Cost**: OFFICER'S SERVICES GRATUITOUS: STATUTE. The rendition of services by a public officer is to be deemed gratuitous unless a compensation is provided by statute, when the officer is confined to the mode, manner and amount prescribed by the statute and is entitled to no other or further compensation, or to any different mode of securing the same.

6. ———: CONSTRUCTION: STATUTE. The statutes relating to cost are to be strictly construed as against the officer.

7. **Justices' Courts**: COSTS: CHANGE OF VENUE. The statutes provide that, if a defendant take a change of venue, he shall be taxed with the cost for transferring the cause and that the justice may issue fee bills therefor to be levied in certain contingencies like a *fieri facias*, and these provisions mark the definite rights of the justice, and he can not demand fees in advance before granting a change of venue.

*Appeal from the Jasper Circuit Court.*—HON. WM. M. ROBINSON, Judge.

AFFIRMED.

*Samuel E. McCracken* and *Grayston & Sheridan* for appellant.

(1) Since the act of 1887, *mandamus* will not lie to compel a justice of the peace to grant a change of venue in a civil case. Laws, 1887, p. 208. Before the act of 1887, the justice's error did not avoid his jurisdiction, and for that reason it has been held in several

cases that *mandamus* would lie. *A. & M. Ass'n v. Reinecke*, 21 Mo. App. 478; *Colvin v. Six*, 79 Mo. 198; *State ex rel. v. Clayton*, 34 Mo. App. 563. It evidently follows that, since the act of 1887, making the justice's error destroy his jurisdiction, the question can be reviewed upon appeal, and *mandamus* is no longer a proper remedy. *Colvin v. Six*, 80 Mo. 61; R. S. 1889, sec. 6241. (2) If the judgment of the justice is a nullity, *mandamus* is useless, and *mandamus* will not lie for a useless purpose. 14 Am. and Eng. Encyclopedia of Law, p. 104; Merrill on Mandamus, p. 46, sec. 43. (3) *Mandamus* is compulsory, commanding something to be done, and should not be confounded with injunction. Injunction is a preventative and protective. The defendant does not come into court asking it to move, and can not be injured by its inaction or void acts. Merrill on Mandamus, p. 46, sec. 43. (4) Even were *mandamus* still a proper remedy for the purpose of compelling a justice to grant a change of venue, the relator in this action is not entitled to the relief, because he did not pay or tender to the court his legal fees. Pattison, Forms for Missouri Pleading, sec. 423; R. S., secs. 6561, 6241. At common law all fees were payable in advance, and the common law is in force in this state in regard to fees for change of venue. There is no direct statutory enactment to the contrary. R. S., sec. 6241.

*C. H. Montgomery* for respondent.

GILL, J.—A strict enforcement of our rule 15, it may be well claimed, would result in the dismissal of this appeal. There is no such abstract of the record as that rule contemplates. It does not set forth "so much thereof as is necessary to a full understanding of all the questions presented to this court for decision,"

as the rule requires. We are able, however, to gather from the appellant's "statement of the case" sufficient to warrant us in passing on the most material questions raised by appellant's brief. We, therefore, overrule the respondent's motion to dismiss the appeal, and proceed to consider such points as fairly come within the range of appellant's statement.

In January, 1894, the relator, Wedeking, was defendant in a suit pending before the appellant, McCracken, a justice of the peace. On the day the cause was first set for trial, Wedeking filed his application and affidavit for a change of venue. The justice refused to award the change of venue, unless Wedeking would prepay the justice's costs for making the same, which relator declined to do. Thereupon Wedeking brought *mandamus* in the circuit court to compel the justice to grant the change of venue. On a trial of the cause, the court awarded a peremptory writ, and from this judgment, justice McCracken has appealed.

I. The first contention is that *mandamus* will not lie in a case of this nature. The point must be ruled against the appellant. We shall assume, in the absence of a contrary showing, that the relator filed with the justice the affidavit required by the statute. The duty then devolved on the justice to change the venue of the case. The statute provides, that "either party shall be entitled to a change of venue in any civil cause pending before a justice of the peace, if he shall, before the jury is sworn, or the trial is commenced before the justice, file an affidavit" stating that the justice is a material witness, or is prejudiced, etc. (section 6240, Revised Statutes, 1889), and, "upon the filing of the affidavit in due time, the justice must allow the change of venue and note the same on his docket, and immediately transmit all the original

papers and a transcript of all his docket entries in the case to some convenient justice," etc. * * * *provided* that when such affidavit for a change of venue shall be filed, the justice shall have no further jurisdiction in the cause, except to grant such change of venue." R. S., sec. 6241. This proviso was added to the law by the revision of 1889.

Construing the foregoing statute (without the above quoted proviso added by the amendment of 1889), this court has decided, that the justice, in the matter of change of venue on a proper affidavit duly filed, was bound under the command of a specific ministerial duty to award the change; that the justice had therein no judicial discretion, but there devolved on said officer the duty to perform an act purely ministerial in its nature, and, to secure the performance thereof, *mandamus* would lie. *State ex rel. v. Clayton*, 34 Mo. App. 563. The reasons for such holding are fully set forth in the opinion of the court by SMITH, P. J., and to which we adhere.

But it seems to be contended by appellant that a change in the law (as announced in *Lloyd v. Clayton, supra,*) has occurred by reason of the amendment of 1889. As already stated, section 6241, was, at that time, amended by adding the proviso, "that when such affidavit for a change of venue shall be filed, the justice shall have no further jurisdiction in the cause, except to grant such change of venue." Now it is claimed that if the justice shall, notwithstanding the affidavit therefor, decline to change the venue and proceed to render a judgment against the applicant, then such judgment will be void and the matter is an error that may be corrected on appeal to the circuit court; and, if correctible by appeal, then, since there is a specific legal remedy, *mandamus* will not lie.

We must, of course, concede the correctness of the rule that *mandamus* is an extraordinary remedy to be invoked only in the absence of any other. The writ is issued only as a *dernier ressort* only when all other remedies fail, and then to prevent a failure of justice. But "such other remedy must be adequate. Such remedy is adequate when it reaches the end intended, and actually compels the performance of the duty which has been neglected or refused. It must apply to the case, and afford the particular right to which the party is entitled. Anything which falls short of that is not adequate or complete." Merrill on Mandamus, sec. 53.

Now it is the specific legal right of a party to a cause pending in a justice's court, to have his case tried and determined; and, if dissatisfied with the justice before whom it is pending, the litigant has the right on filing the necessary affidavit, to have the cause removed to another justice where it may be heard and decided. If the justice should deny his application for removal and should proceed to try and determine the cause, then, under the amendment of 1889, such proceeding by the justice is *coram non judice*, null and void for want of jurisdiction. And, if then the cause should be appealed to the circuit court, it would there be dismissed for the want of jurisdiction in the justice who tried the cause. For the rule is well settled that the circuit court, to which a case has been appealed from the justice of the peace, will not acquire jurisdiction unless the justice had jurisdiction. The jurisdiction of the said appellate court is said to be derived from that of the justice. *Cooper v. Barker*, 33 Mo. App. 181.

The case of *St. Louis A. & M. Ass'n v. Reinecke*, 21 Mo. App. 478, cited by appellant, supports the view we have taken. There one of the parties moved the

circuit court to dismiss the appeal, because the justice had declined to grant a change of venue on a proper affidavit therefor, claiming that the justice had lost his jurisdiction and that consequently the circuit court had none. The action of the circuit court in refusing the motion to dismiss was approved; but on the ground that the error of the justice, in denying the change of venue, did not, under the statute as it then stood, "avoid his jurisdiction"—clearly implying, that, if jurisdiction to proceed with the cause had been taken away from the justice, then the motion to dismiss should have been sustained. That decision was based on the statute as it existed prior to the amendment of 1889, which, as we have seen, does avoid the justice's jurisdiction. Since the enactment of that amendment, the statute declares that, after the affidavit for change of venue is filed, "the justice shall have no further jurisdiction in the cause, except to grant such change of venue."

Clearly, then, the litigant who may be denied a change of venue before the justice has no adequate remedy by appeal to the circuit court. He will, as it were, be "hung up" between the two courts—the justice refusing to transfer, and the circuit court declining to entertain jurisdiction. This, then, must be regarded as a clear case for *mandamus*.

II. The appellant refused to award a change of venue, except on payment in advance of his costs or fees therefor, which he placed at one dollar. The question now is, was the justice authorized to couple the performance of his official duties with this condition? We think he was not.

It seems the general rule in this country, as announced by the decisions and text writers, that the rendition of services by a public officer is to be deemed gratuitous, unless a compensation therefor is provided

by statute. And further, it seems well settled that if the statute provides compensation in a particular mode or manner, then the officer is confined to that manner, and is entitled to no other or further compensation, or to any different mode of securing the same. Throop on Public Officers, sec. 446, 450; *Shed v. Railroad*, 67 Mo. 687, 690; *Gammon v. Lafayette County*, 76 Mo. 675; *Williams v. Chariton County*, 85 Mo. 645; *Ford v. Railroad*, 29 Mo. App. 616. Such statutes, too, must be strictly construed as against the officer. *Ford v. Railroad, supra;* and *Shed v. Railroad, supra.*

Our statutes have definitely provided for justice's fees and how they may be collected, etc. Sections 4980, 5005, 5007, 6244, R. S. 1892. Section 6244 stipulates, that when a change of venue is taken by the defendant (as in this case). * * * Such defendant shall be taxed with * * * the costs of the justice for transferring the cause to the docket of the other justice," etc. Then section 5007 provides that "the justice of the peace may issue fee bills for all services rendered in their courts, and if the person chargeable shall neglect or refuse to pay the amount thereof to the constable, or proper officer within twenty days after the same shall have been demanded by such officer, he may and shall levy such fee bills on the goods and chattels of such person, in the same manner and with like effect as on a *fieri facias*." And it has been held that the justice may issue and collect this bill of fees chargeable for the transfer of change of venue of a case, regardless of the further disposition thereof. *Johnson v. Latta*, 84 Mo. 139.

The statute has thus declared what fees the justice is entitled to, how taxed up and how to be collected. And such fees, with manner of collecting, etc., must be held to mark the definite rights of the justice. He is entitled to enforce the collection of such fees in

the manner pointed out by statute but not as attempted here. The appellant justice was not, therefore, justified in attaching to the performance of his duties, the condition that his fees should be prepaid.

These are the only questions fairly, if at all, presented for our consideration. At all events the other points made in appellant's brief are without any substantial merit; and, since the judgment is for the right party, it will be affirmed. All concur.