F. H. MILLER ET AL., Plaintiffs in Error, v. WILLIAM
MUEGGE, Defendant in Error.

St. Louis Court of Appeals, November 8, 1887.

1. COSTS, RETAXING—BURDEN OF PROOF.—On a motion to retax the
sheriff's costs, the burden of proving that the costs are legally
chargeable, and were properly incurred, is on the sheriff.

2. ———— The costs of the motion are to be taxed against the officer, if
the motion be sustained in whole or in part.

3. ———— A sheriff can not charge a commission on moneys collected
by him on execution and retained by him as his fees, but can
charge only on the amount by him disbursed.

4. ———— ATTACHMENT.—A sheriff can not charge for several levies
on different parcels of property under the same writ of attach-
ment.

ERROR to the St. Louis Circuit Court, LEROY B.
VALLIANT, Judge.

*Reversed and remanded with directions.*

BROADHEAD & HAEUSSLER, for the plaintiffs in error:
The court only had power to allow the officer a rea-
sonable compensation for his trouble and expense in
keeping the property. See section 426, Attachment
Cases. As to all other costs, the sheriff can only get
such fees and charges as are fixed by section 5606, and
the statute must be strictly construed. *Shed v. Rail-
road*, 67 Mo. 687; *In Matter of Murphy*, 22 Mo. App.
476.

E. T. FARISH, for H. F. Harrington, sheriff.

THOMPSON, J., delivered the opinion of the court.
This is an attachment suit. On an *ex-parte* applica-
tion, the circuit court allowed the sheriff the bill of costs

presented by him. Thereafter, the plaintiff appeared
and moved the court to retax the same. The court
thereupon set aside the order and gave the defendants
five days in which to file exceptions to such items of the
sheriff's bill as he should wish to contest. Before the
expiration of this time, both parties appeared and ob-
jected to the following items:

" Application for and report of sale....$ 2 00
    Commissions ......................... 11 28
    Levy................................. 3 00
    Labor, clerk hire, etc.....:......... 13 25
    Postage and stationery............... 3 25
    *Nulla bona* ......................... 50
    Watching............................. 27 00
    Recording and notice................. 2 50
    Garnishments ........................ 2 00 "

When the objections came on to be heard, the objectors
offered no evidence. The only witness who testified was
one of the sheriff's deputies, called in his behalf. The
court having heard the evidence, made an order reject-
ing $1.25 from the item called " application and report of
sale," and allowed the balance to stand, which is not
complained of; also rejecting the item of $2.00, for
the services of two garnishments, which item had been
paid by the plaintiff; also rejecting the item of $3.25, for
postage and stationery, which was unsupported by any
evidence. The other exceptions were overruled, the
sheriff's bill was allowed in the sum of $75.90, and it
was ordered that the defendant should pay the costs of
the motion to retax. To this order the plaintiff and de-
fendant excepted, and the plaintiff prosecutes a writ of
error in this court.

It will simplify our treatment of the matters in con-
troversy to say that we hold that the burden of proof is
with the sheriff to justify the expenditures for which he
claims compensation, since they relate to matters pecu-
liarly within his knowledge, and presumably not within
the knowledge of the objectors.

It appears that the items still contested by the plaintiff are:

" Commissions......................$11 28
　Levy....... ........................ 3 00
　Labor, clerk hire, etc............... 13 25
　*Nulla bona* ....................... 50
　Watching....................... 27 00 "

These will be treated in their order.

I. As to the charge for commissions, it appears that the personal property levied upon under the attachment was sold by order of the court, and realized the sum of $376.10. The statute (sect. 5606, Rev. Stat.) allows the sheriff " for commission for receiving and paying moneys on execution, or other process, where lands or goods have been levied upon, advertised, and sold, three per cent. on five hundred dollars, and two per cent. on all sums above five hundred dollars, and half of these sums, when the money is paid to the sheriff without a levy, or where the lands or goods levied on shall not be sold, 'and the money is paid to the sheriff or person entitled thereto, his agent, or attorney." It is perceived that the commission is allowed " for receiving and paying," and the reasonable conclusion is, that it is to be computed on such sum as the sheriff has both received and paid over to the plaintiff, or into court. In this case the sheriff's return shows that he has received the sum of $376.10 ; that of this he claims $84.91 for his costs and charges, and holds the remainder, $291.21, subject to the order of the court. The commission charged by him is three per cent. of the total amount received, and not three per cent. of the sum which he holds subject to the order of the court. He thus claims the right to charge a commission upon money retained by him for his own fees. · This court is of opinion that this can not be done. After deducting from the total sum received by him the amount properly allowable for his fees and charges, except commissions hereinafter ascertained, he

will be allowed a commission of three per cent. on what remains.

II.   As to the claim of three dollars for levying the attachment, the evidence shows that three levies were made, one on land, one on personal property in a business-house, and a third on personal property in another part of the city.   It does not follow from this that the sheriff is entitled to charge one dollar for each of these levies.   We find no statute which in terms prescribes what the sheriff should get for levying an attachment, though he is, by the terms of section 5606, Revised Statutes, allowed one dollar " for levying every execution." He is, however, allowed by the same section one dollar " for serving a writ of *scire facias,* or attachment, for each defendant."   But if he levies an attachment against a single defendant, although upon several parcels of property, there is no statute allowing him cumulative fees for the successive levies.   It is a single " service," within the meaning of the statute.   If there were more than one defendant in the attachment suit, a levy upon property of each separate defendant would constitute a separate " service" for which the sheriff would be entitled to a separate fee.   This item must, therefore, be reduced to one dollar.

III.   As to the item classed as labor, clerk hire, etc., the only evidence in support of this is the testimony of the deputy sheriff, which tended to show that it was necessary to get a man to assort the goods and prepare them for sale ; that he employed a man whom the plaintiff recommended ; that this man was a competent man ; that he worked at the job for about three days, and that his wages are embraced in the charge of $13.25, under the head of "labor and clerk hire." There is no evidence as to what this man's services were worth per day, or that the sheriff paid him anything, or agreed to pay him anything ; but as the plaintiff is willing that the costs should be so taxed as to allow $1.50 a

day for his services, which the evidence shows is the customary allowance to watchmen, the sheriff will be allowed $4.50, under this head, and the rest of the item will be rejected.

IV. The sheriff, after charging three dollars for making three levies, and after charging commissions on $376.10, realized from the sale of property thereunder, adds a charge of fifty cents for a *nulla-bona* return. He has made no such return, and is not entitled to make this charge. It will be stricken out.

V. As to the charge of twenty-seven dollars for watching the goods. It is to be regretted that the evidence touching this charge is not as clear as it might be ; but this may be the fault of the plaintiff as much as that of the sheriff. The evidence of the only witness is preserved in the bill of exceptions in what seems to be a condensed narrative form, and possibly it does not fully present what he said. It appears, from his testimony, that it is usual and necessary in such cases to employ two watchmen, one for the night and the other for the day, and that the charges of these watchmen are $1.50 per day for each, or three dollars per day for the two. Although the testimony, as embodied in the record, does not distinctly state that the sheriff has paid these watchmen this amount, or that he has agreed to pay them at this rate, the testimony seems to make out a *prima-facie* case in favor of the correctness of this charge ; and if, as the plaintiff argues, the expense of watchmen was wholly unnecessary for the safety of the property, he should have caused that to appear by evidence. The levying of an attachment upon the entire property of a debtor is liable to create ill feeling, and thereby to subject the property itself to greater danger from trespass or fire than similar property under other circumstances would be subjected to. There is certainly no material in this record which enables us to say, in the face of the statement of the deputy sheriff, who

made this levy, that this service was unnecessary. It will, therefore, be allowed.

From the amount as allowed by the circuit judge there must, therefore, be rejected:

| | |
|---|---|
| Commissions (computed on the erroneous basis as hereinafter stated)..........$11.28 | |
| Levy..................................... | 2.00 |
| Labor, clerk hire, etc..................... | 8.75 |
| *Nulla bona* return...................... | 50 |
| | $22.53 |

This will reduce the sum which the circuit court allowed to $53.37. But the sheriff, as already stated, is entitled to a commission on the sum of money which he received and paid over. In order to ascertain this sum, the sum of $53.37 has to be deducted from $376.10, the total amount which came into his hands. This will leave $322.73, upon which a commission of three per cent. is $9.68; adding this last sum to the amount previously ascertained, namely, $53.37, we find that the total amount of costs which the sheriff is entitled to have taxed is $63.05.

Section 990, of the Revised Statutes, provides that "in all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Section 991, also, provides: "On all motions, the court may give or refuse costs at its discretion, unless where it is otherwise provided by law." The opinion of this court is, that this is a "proceeding" governed by section 990, in which the plaintiff and the defendant in the attachment suit were the joint actors and the sheriff the substantial defendant, and that they were "the party prevailing" within its meaning, and were consequently entitled to recover the costs of the proceeding. But if the case is to be regarded as falling under section 991, the result would be the same; because, in our opinion, it would be an abuse

of discretion, subject to correction on appeal, for the court to adjudge the costs against the acting party in a motion of this kind, where the party has prevailed as to several of the items. The mere fact that a plaintiff does not recover all he sues for, does not deprive him of the right to full costs. If he is driven to law to get his rights and succeeds in any particular, this puts the other party in the wrong, and the latter should pay all the costs. If the analogy of taxing the costs of this proceeding against the movants could prevail, on grounds of equal justice, a plaintiff who sues on an account containing many items and who succeeds as to a few of them only might be adjudged to pay full costs, which is not the law. *Leete v. Pilgrim Congregational Society*, 14 Mo. App. 590.

The judgment of the circuit court will be reversed and the cause remanded to that court, with directions to enter an order allowing the sheriff for his bill the sum of $63.05. The plaintiff in error will recover of the sheriff the costs of this appeal. The sheriff will also pay the costs of this motion in the court below. It is so ordered. All the judges concur.