TITTMAN *Administrator*, v. THORNTON *et al., Appel-
lants.*

DIVISION ONE.

1. **Practice:** PARTIES: SUIT BY FOREIGN ADMINISTRATOR. An
administrator appointed under the laws of another state, who has
recovered a judgment as administrator in that state, may sue
upon such judgment in this state in his individual capacity.

2. ———: ———: ———: REVIVAL OF SUIT. Upon the death of
such foreign administrator, pending suit in this state, the action
may be revived in the name of his administrator.

3. **Evidence:** PROOF OF EXECUTION OF ASSIGNMENT OF TRUST FUND.
The execution of a bill of sale in the form of a deed assigning the
income of a trust fund located in this state must be proved, to be
admissible in evidence, notwithstanding it has been acknowledged
and recorded in another state as provided by law, there being no
law of this state authorizing the acknowledgment of such a
document.

4. ———: AUTHENTICATION OF RECORDS OF ANOTHER STATE. The
transcript of a will showing that it had been probated in a circuit
court in a certain county in Iowa, to which was attached the
certificate of the clerk of the district court of said county and
state that the transcript was a true copy of the record in his office,
the certificate of the judge of the district court that the clerk's
certificate was in due form, the certificate of the clerk authenticat-
ing the judges' signature and the certificate of the clerk that the
circuit court had been abolished and its records transferred to the
district court, is sufficiently authenticated to entitle it to admission
in evidence in another state.

5. **Equity:** INSOLVENCY, EVIDENCE OF. In a suit in equity to sub-
ject the income of a debtor to the payment of a judgment against
him, evidence that he is a non-resident, that he owns a homestead
on which he resides, a cow or two, and the income in question, and
was not known to own other property, is *prima facie* sufficient to
show his insolvency and that the income is the only property out
of which the debt can be made.

6. **New Trial:** SURPRISE: LACHES. Surprise produced by the laches
of a party is never a good cause for a new trial.

Tittman v. Thornton.

*Appeal from St. Louis City Circuit Court.*—Hon. DANIEL DILLON, Judge.

AFFIRMED.

*A. J. P. Garesché* and *Edmond A. B. Garesché* for appellants.

(1) Suit should have been revived in name of John, not of Michael, Carroll's administrator. Cases cited by plaintiff are of no force because under the old common law, when not as now by the statute, the suit was not required to be in name of real party in interest. The administrator is not the unqualified owner of the assets of the estate. *Lessing v. Vertrees,* 32 Mo. 436; *Est. of Ames & Co.,* 52 Mo. 293; *Chandler v. Stevenson,* 68 Mo. 450. Title of administrator is a possessory one, revoked by his death, resignation or removal. Hence, administrator *de bonis non* succeeds. Particularly now that the old common-law restrictions of his rights of *bonis non administrandis* no longer prevails. Now he may sue even for balance in hands of former administrator, or for a note given to the administrator for a debt due to the estate, neither of which he could have done at common law and have recovered. R. S. 1879, secs. 48, 50; *Austin v. Towne,* 10 Texas, 24; *Smith's Adm'r v. Pearce,* 2 Swan. (Tenn.) 128. Moreover, there is not a particle of proof that John Carroll ever resided in Iowa, where Michael took out letters. Will not presume that he was a citizen of Iowa, that the assets of his estate should be transferred thither to the detriment of Missouri creditors. Michael Carroll's administrator has no right. 2 Williams, Ex'rs (Perkin's Amer. Notes) top p. 970, bottom p. 900, note *p* and its citations; *Fletcher v. Weir,* 7 Dana, 345; *Lea v. Hopkins,* 7 Pa. 385; *Russell v. Erwin,* 41 Ala. 292; *State v. Murray,* 8 Ark. 199. Some of these cling to the restriction on power of administrator *de bonis non.* But this

restriction is abolished. R. S. 1879, secs. 48, 50 ; *Oglesby v. Gilmore*, 5 Ga. 62 ; *Austin v. Towne*, 10 Tex. 24 ; Schouler's Ex'rs & Adm'r, sec. 409, bottom p. 480, n. 6–7 ; *Bradfield v. Cardwell*, 7 Lea ( 71 Tenn.) 252 ; *Harbin v. Levi*, 6 Ala. 403 ; *Morse v. Clayton*, 13 Smedes & Mar. 380 ; *Gamble v. Hamilton*, 7 Mo. 469 ; *Scott v. Crews*, 72 Mo. 263 ; *Morehouse v. Ware*, 78 Mo. 100. ( 2 ) There is a waiver only where there is a knowledge of the fact waived, and the burthen of proof of that knowledge devolves on claimant of the waiver. *State v. Churchill*, 48 Ark. 445 ; *Dyas v. Hanson*, 14 Mo. App. 375. Moreover the situation must have changed by the waiver and injury result. But here no injury results. The respondent gets all he desired, that without the proceedings, otherwise necessary, the suit be revived in the name of Michael Carroll's administrator. But there was no waiver of the objection that he was not the proper party, and this objection after consent is good at the trial. *McDermott v. Doyle*, 17 Mo. 362. How could it be waived when plaintiff believed the revivor must be in name of Michael Carroll's administrator, and even so contended at the trial. He asked no such waiver, and we granted just what he asked. ( 3 ) The court erred in exclusion of transcript of probate of Mrs. Thornton's will. *Renick v. Chloe*, 7 Mo. 197. ( 4 ) Also in exclusion of record of deed of Thornton to his wife. It was valid according to our law, hence presumed to be valid according to that of of Iowa. *Gawtry v. Adams*, 83 Mo. 339. ( 5 ) The court should have sustained motion for new trial. R. S. 1879, sec. 3704.

*Edward Cunningham, Jr.*, for respondent.

This suit was properly brought in the name of Michael Carroll individually. When an executor or administrator has sued upon a debt or liability due his testator or intestate and has recovered judgment, he may, in his individual name and capacity, sue upon

that judgment in a foreign state.    Woerner's American Law of Admin., sec. 162; Freeman on Judgments [3 Ed.] sec. 217; *Talmage v. Chappel*, 16 Mass. 71; *Barton v. Higgins*, 41 Md. 546; *Rucks v. Taylor*, 49 Miss. 560; *Lewis v. Adams*, 70 Cal. 407; *Nichols v. Smith*, 7 Hun, 580; *Biddle v. Wilkins*, 1 Peters, 686; *Mosman v. Bender,* 80 Mo. 584; *Hall v. Harrison*, 21 Mo. 230; *Thomas v. Relfe*, 9 Mo. 377; *Lacompte v. Sergeant*, 7 Mo. 351; *Wilkinson v. Culver*, 25 Fed. Rep. 639; *Newberry v. Robinson*, 36 Fed. Rep. 841; *Cherry v. Speight*, 28 Tex. 520; *Rittenhouse v. Ammerman,* 64 Mo. 199.    (2)    There was no error of the trial court in reviving the suit in the name of Michael Carroll's administrator.    This old rule is not changed by our code requiring suits to be brought in the name of the real party in interest.    *Abbott v. Miller*, 10 Mo. 141; *Harney v. Dutcher*, 15 Mo. 89; *Cook's Ex'r v. Holmes*, 29 Mo. 61; *Block v. Dorman*, 51 Mo. 31; *Brooks v. Mastin*, 69 Mo. 58; *Snyder v. Adams & Co.*, 77 Mo. 528.    (3)    The transcript of the judgment and proceedings of the circuit court of Dubuque county, Iowa, was properly admitted in evidence, notwithstanding defendants' objection then first made, that it had not been filed with the petition.    It was not a paper which the statute required to be filed.    *Omahundro v. Clarkson*, 13 Mo. App. 582; *Young Men's Christian Ass'n v. Dubach*, 82 Mo. 479; *Bowling v. Hax*, 55 Mo. 447; *State to use v. Bartlett*, 68 Mo. 581.    If the paper had been such as the statute required plaintiff to file, the failure to file it must have been taken advantage of by motion to dismiss or to require plaintiff to file it, and not by objection to its introduction in evidence, or by motion for new trial.    *Railroad v. Knudson*, 62 Mo. 569; *State ex rel. v. Eldridge*, 65 Mo. 584; *Peake v. Bell*, 65 Mo. 224.    (4)    The trial court was right in excluding the paper offered by defendants as evidence of a transfer or assignment from John Thornton to his wife Mary of his interest in the fund in controversy.

There was no proof of its execution or record. (5) The trial court was right in excluding the paper offered by defendants as being the will of Mary Thornton. The paper purported to be a record of a court of Iowa. It was not authenticated as required by section 2321, Revised Statutes, 1879, in force at the time of the trial. It purported to be a record of the circuit court of Dubuque county. It was not certified by a judge of that court. There being no evidence of any interest of the alleged testator in the fund in dispute, her will was immaterial and irrelevant and, therefore, properly excluded. (6) The trial court was right in overruling defendant's motion for a new trial notwithstanding counsel's affidavit of surprise and mistake. There was no surprise or mistake within the meaning of section 3704, Revised Statutes, 1879. *Fretwell v. Laffoon*, 77 Mo. 26.

BLACK, J.—This was a suit in equity brought by Michael Carroll against John Thornton and others to subject certain funds in the hands of Archbishop Kenrick, belonging to Thornton, to the payment of a judgmen, which Carroll recovered against Thornton in the state of Iowa.

The following are the principal facts: Michael Carroll recovered a judgment against John Thornton in the circuit court of Dubuque county, Iowa, on the sixteenth of June, 1881, for the sum of $4,499. The pleadings in that case show that the cause was carried on in the name of Michael Carroll as if it had been a suit in his own right; but it appears from the body of the petition that the cause of action was based upon an indebtedness of Thornton as guardian of his ward, John Carroll. An amendment to the petition states that Michael Carroll was the administrator of the estate of John Carroll.

In May, 1886, Michael Carroll commenced this suit in this state against John Thornton and Peter Richard Kenrick. The petition, among other things sets up the

Iowa judgment as one recovered by Michael Carroll in his own right. It is alleged that another John Thornton at the city of St. Louis, the uncle of the defendant Thornton, bequeathed to the defendant Kenrick the sum of $20,000, in trust to pay to defendant Thornton the interest thereon during his life, and prays that Kenrick, the trustee, be decreed to pay to the plaintiff the interest then accrued and thereafter to accrue on said fund until the judgment so recovered by the plaintiff in Iowa should be satisfied.

Thornton having been notified by publication appeared and by his answer disclaimed any interest in the fund, and on the suggestion of Kenrick one Duggan was made a defendant. Duggan by his answer claims to be the owner of the income accrued and to accrue on said fund by virtue of an assignment of the same by Thornton to May Thornton, and a bequest of the same by her to him. The plaintiff died while this cause was pending in the circuit court, and by consent of the defendants it was revived in the name of Tittman, public administrator, having in charge the estate of Michael Carroll. The circuit court found the issue for the plaintiff and entered a decree as prayed for and the defendants appealed.

1. The first complaint is that the circuit court erred in admitting in evidence the transcript of the Iowa judgment. The objections made to the transcript are, *first*, that it shows a judgment in favor of Michael Carroll as administrator of John Carroll, while the petition declares upon a judgment in favor of Michael Carroll in his own right; *second*, that this cause should have been revived in the name of the representative of John Carroll and not in the name of the administrator of Michael Carroll.

Looking to the judgment only, as it appears in the transcript, it is one in favor of Michael Carroll in his own right. Still the transcript as a whole shows that he recovered the same in the capacity of administrator

of John Carroll, and we shall treat it as a judgment in favor of Michael Carroll as administrator of John Carroll.

It has been held by this court on several occasions that when one takes a note payable to himself as executor or administrator he may sue upon the note in his own name, and that a suit may be maintained thereon by his executor or administrator. *Rittenhouse v. Ammerman*, 64 Mo. 197; *Cook's Ex'rs v. Holmes*, 29 Mo. 61; *Block, Adm'r, v. Dorman*, 51 Mo. 31. The theory of these cases is that when one takes a note or other obligation payable to himself as executor or administrator he thereby makes himself a trustee of an express trust, and under the code may sue thereon in his own name. Should such a person die, resign his letters of administration, or be removed, and the note or other obligation be turned over to the administrator *de bonis non*, the latter may, of course, sue thereon. But there are many cases where the suit may be maintained either by the trustee or by the beneficiary. *Mosman v. Bender*, 80 Mo. 579; *Chouteau v. Boughton*, 100 Mo. 406, and cases cited.

But here the administrator appointed in Iowa recovered the judgment against the defendant Thornton, and then brought this suit based on that judgment in his own name in this state, and this he had a right to do. *Hall v. Harrison*, 21 Mo. 227. An administrator who has recovered a judgment in the state where he received his appointment may sue upon the judgment in his own name in a different state. Says Freeman: "There can scarcely be a doubt that a judgment rendered in favor of an administrator so merges the debt that it may be treated as his personal effects, so far as to authorize him to maintain suit thereon in a foreign country without there taking out letters of administration. Freeman on Judgment [3 Ed.] sec. 217. The following cases are to the same effect: *Lewis v. Adams*, 70 Cal. 403; *Rucks v. Taylor*, 49 Miss. 552; *Barton v. Higgins*, 41 Md. 539,

Michael Carroll could not prosecute a suit in this state as administrator appointed under the laws of Iowa, but having recovered a judgment as administrator in that state he may sue upon the same in this state in his individual capacity. His right to recover here does not depend upon profert of his letters of administration. As he may sue here in his individual capacity it must follow that the suit may be revived in the name of his administrator appointed under the laws of this state. The court, therefore, did not err in admitting the transcript in evidence.

2.  The next complaint is that the court erred in excluding the assignment from John Thornton to May Thornton, and the transcript of the will of May Thornton, both of which were offered in evidence by the defendants. It is upon this evidence the defendant Duggan depends for title to the income arising from the trust fund.

This assignment, excluded by the court, is in the form of a deed executed by John Thornton of Dubuque county, Iowa, on the first of March, 1864, and was acknowledged on the same day before a notary public of that county and state. It professes to transfer to May Thornton, who was the wife of John Thornton, his interest in the income arising from the fund before mentioned, held by the defendant Kenrick in this state, and several horses, cows and wagons. The court excluded the deed on the objection that the signature of Thornton had not been proved. Thereupon the defendant read in evidence a single section of the statute law of Iowa which provides, in substance, that acknowledgments of deeds, mortgages and other instruments in writing, taken prior to the thirteenth of April, 1872, and which have been recorded, are declared "to be legal and valid," any law to the contrary notwithstanding. The defendants then again offered the instrument in evidence, but it was then discovered that the recorder had not signed the certificate indorsed thereon stating that the instrument had been recorded. The defendants

then read in evidence part of the deposition of Mr. Graham, which deposition had been taken and filed by the plaintiff in which he, in substance, says: Am an attorney at law at Dubuque, Iowa ; have never seen the assignment, but have seen what purports to be a copy of it on the records in the recorder's office ; the instrument, if properly acknowledged according to the laws of 1864, was entitled to be recorded, and is properly recorded. The defendant then for the third time offered the instrument in evidence, but it was excluded on the objection that there was no proof of its execution by Thornton.

It is to be observed in the first place that defendants did not produce a copy of the Iowa record, certified either under the act of congress or under section 4844, of the Revised Statutes, 1889, of this state. Nor did they produce or offer in evidence a sworn copy of such record. The statutes just mentioned make records and exemplifications of office books, kept in any public office of a sister state, not appertaining to a court, evidence when certified as therein specified. These statutes, however, have reference to the record of a sister state and exemplification of such records. They do not, as we understand them, make the original instrument evidence ; for the original instrument is no more than a private document, so that a copy of it would not be evidence under either of the before-mentioned statutes. *Karr v. Jackson*, 28 Mo. 316.

Concede, therefore, that the evidence of Graham is sufficient to show that this instrument was recorded in Iowa, still that does not help the defendants. The defendants offered in evidence, not a record of a sister state, but the original bill of sale, assigning the income of a trust fund which is located in this state. The original bill of sale must be proved according to the laws of this state. The fact that it had been recorded in Iowa does not dispense with proof of its execution.

We have no statute which authorizes the acknowledgment of such a document, and the fact that it was acknowledged before a notary public here or elsewhere does not prove its execution.   The appellants have not cited us to a statute or single authority which has the least tendency to show that this assignment should have been admitted in evidence without proof of its execution.   The court, we conclude, did not err in excluding it.

3.   The next complaint is that the court erred in excluding the transcript of the will and the probate thereof of May Thornton.   It seems to have been excluded on the ground that the certificates were made by a clerk and a judge of a court other than that in which the will was probated.   The transcript does show that the will was admitted to probate by the circuit court of Dubuque county, Iowa, on the twenty-sixth of October, 1880.   To this transcript there are attached the following certificates :   *First.*   A certificate of the clerk of the district court of that county and state in which he says " that the foregoing is a true copy of the last will and testament of May Thornton, deceased, and the certificate of probate thereof, as the same appear of record, and on file in my office at Dubuque, Iowa."   This certificate is dated the twenty-sixth of January, 1887. *Second.*   A certificate of the judge of the district court to the effect that the certificate of the clerk is in due form.   *Third.*   Another certificate of the clerk of the same date as the first to the effect that the person who signed the second certificate is judge of the district court and his signature genuine.   *Fourth.*   A further certificate of the clerk of the district court of date the eighteenth of February, 1887, to the effect that the circuit court was abolished on the first of January, 1887, and the jurisdiction and records thereof transferred to the district court.

The only authentication required by the act of congress is the certificate of the clerk and that of the

judge; and when the court in which the proceedings were had, has been abolished and the records transferred to the custody of another court, the certificates of the clerk and judge of the court to which the records have been transferred will be sufficient. *Manning v. Hogan*, 25 Mo. 570. Had the clerk in his first certificate, followed by the certificate of the judge as it is, stated the fact that the circuit court had been abolished and the records transferred to the district court, we think the certificates should be received as *prima facie* evidence of the fact thus stated. But the first certificate, as it is, shows that the will and the probate thereof constituted part of the records of the district court, and from this it should be presumed that they were there of right and belonged to that office, until the contrary is made to appear. The trial court, therefore, erred in excluding this transcript.

4. It is insisted that there is no sufficient proof of the insolvency of the defendant Thornton, and hence no foundation laid for this proceeding in equity. The plaintiff produced the only evidence offered on this issue. It shows that Thornton was a non-resident of this state and that he resided in Dubuque county, Iowa. A Mr. Carson of that place testified that he had known Thornton for thirty years, that Thornton owned a homestead of five acres on which he resided, a cow or two, and was reported to have a legacy in St. Louis, that he did not know of any other property, real or personal, owned by him. The attorney for the defendants in this case being called by the plaintiff testified that he did not know the defendant Thornton until called into the present case, that he knew of no property owned by Thornton in this state. We think this evidence is *prima facie* sufficient to show the insolvency of Thornton, or at least to show that the legacy is the only property out of which the plaintiff's debt can be made.

5. Finally, it is insisted in the brief of the appellants that a new trial should have been awarded

on the ground of surprise in excluding the assignment, due to the mistakes of counsel in not discovering the fact that the recorder had not signed the certificate indorsed thereon.    We have before treated this assignment as if the certificate had been duly signed, and have held that the certificate properly signed would not have made the assignment evidence without proof of its execution by Thornton.    There could, therefore, have been no surprise arising from the fact that the certificate was not signed by the recorder. The exclusion of the assignment is due to the failure to make any proof. of its execution.    This proof could have been procured by the use of ordinary diligence. This court in *Fretwell v. Laffoon,* 77 Mo. 26, approved the following statement made in 3 Graham & Waterman on New Trials, page 398 :    " If the surprise was owing to the least want of diligence, the applicant will be without sufficient excuse, and his motion will be denied.    It is a condition precedent to his attaining relief, that he shall be wholly free from blame." Surprise produced by the laches of a party is never a good cause for new trial.    These rules applied to the case in hand it must follow that there was no surprise for which a new trial can be awarded.

6.    Without the assignment, the will becomes immaterial, and we cannot see. any ground upon which this court can, of right, award a new trial.    The judgment is, therefore, affirmed.

SHERWOOD, C. J., not sitting, the other judges concur.