FRANK RING, Plaintiff; JOHN H. POHLMAN, Respondent, v. CHARLES VOGEL PAINT & GLASS COMPANY; FRANCIS NOHL, Assignee, Appellants.

St. Louis Court of Appeals, October 27, 1891.

1. **Attorney and Client: PRESUMPTION.** There is a presumption that all steps taken by an attorney in the progress of a suit, such as the taking of an appeal, are taken at the direction of the party for whom he appears. And when the presumption is supplemented by the affidavit of the attorney that he has the authority of such party for the action taken by him, it can only be overcome by very satisfactory evidence to the contrary.

2. **Appeal: AFFIDAVIT BY AGENT.** It is not essential that an affidavit for an appeal to this court, made by a person other than the appellant, should state that the affiant is the agent of the appellant; the omission of such statement is cured when the agency appears *aliunde*.

Ring v. The Chas. Vogel Paint & Glass Co.

3.  **Costs.** The entire subject of costs is a matter of statutory enactment, and the statutes regulating it must be strictly construed; accordingly, an officer or other person claiming costs is not entitled thereto, unless he can point to a statute authorizing the taxation of the same.

4.  ——: ATTACHMENT: CLAIMS OF COSTS BY THE SHERIFF. And, *held*, under the rule thus stated, that a sheriff who levies upon property under a writ of attachment, and causes it to be appraised, is not entitled to the taxation of the expense thereof as costs; nor is he entitled to the taxation of $1 as costs for an application to the court for the sale of the property; but he is probably entitled to fifty cents for taking and returning a forthcoming bond; and the taxation of outlays for labor and clerk hire is permissible, provided that it is shown that the expenditure was necessary for the care of the property, and reasonable.

5.  ——: ——: SHERIFF'S COMMISSIONS. Property was attached, and the attachment debtor subsequently made an assignment for the benefit of creditors. The assignee gave a forthcoming bond, and, the attachment being sustained, paid to the sheriff then in office, who was the successor of the one who had levied the attachment, a sufficient amount to cover the claim of the attaching creditor and costs, including half commissions. *Held*, that the sheriff who levied the attachment was not entitled to these half commissions.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Walter M. Hezel*, for appellants.

(1) The burden of proof is on the sheriff to show that the costs were properly incurred, and are legally chargeable. *Miller v. Muegge*, 27 Mo. App. 670. (2) The sheriff can only get such fees and charges as are fixed by section 4989, Revised Statutes, 1889, and, where property is seized by attachment, reasonable compensation for his trouble and expenses in keeping the same. *Miller v. Muegge, supra*. (3) The statute must be strictly construed. *Shed v. Railroad*, 67 Mo. 687;

*In Matter of Murphy*, 22 Mo. App. 476. ( 4 ) Where this court has plainly construed the law as to fees of an officer the inferior court must follow, and cannot, out of kindness to its officer, give him compensation or indemnity for moneys paid to protect himself, and which the law does not expressly allow.

*Ford Smith*, for respondent.

( 1 ) The appeal should be dismissed, for the reason that the motion to retax was filed, and the appeal taken, without authority. *Keith v. Wilson*, 6 Mo. 435. Because the affidavit for appeal was not made, nor does it purport to be made, by appellant or its agent. R. S. 1889, sec. 2248; *Melcher v. Scruggs*, 72 Mo. 406. Also, because Francis Nohl, assignee, in whose name the motion was filed and appeal taken, has been finally discharged as assignee. ( 2 ) The motion to retax was properly overruled. The items attacked by it were either expressly allowed by section 4989, Revised Statutes, or were such as the court, out of which the process issued, deemed reasonable. R. S. 1889, secs. 549, 4989 ; *Gates v. Buck*, 75 Mo. 688.

BIGGS, J.—This case reaches us on an appeal from a motion to retax costs.

Before we proceed to the discussion of the questions raised by the motion, we must dispose of some preliminary objections raised by the respondent.

It is said by his counsel that this appeal is without authority, and for this reason he moves a dismissal. In support of this motion he presents his own affidavit, the purport of which is that Nohl, the assignee, told him that the appeal was taken without his ( Nohl's ) authority. On the other side the counsel for the appellants declares on oath that the appeal was taken by him with the assent of both defendants.

There is a strong legal presumption that all acts of an attorney in the progress of a suit are done by the direction of the party whom he assumes to represent. A lawyer is an officer of the court, and the presumption of right acting can always be invoked in support of his action in the courts. When this presumption is supported by the affidavit of the attorney himself, a strong case is made, and it can only be overthrown by the production of very satisfactory evidence of want of authority. We are of the opinion that the respondent's evidence in this case is insufficient for that purpose. *Valle v. Picton*, 16 Mo. App. 178; *Keith v. Wilson*, 6 Mo. 439.

Neither do we think that the appeal ought to be dismissed for want of a proper affidavit. Mr. Hezel, a member of the bar, but not at that time the attorney of record for the appellants, made the affidavit, but he failed to state that he was the agent of the appellants. This is not a fatal omission, but it is cured when the agency appears *aliunde*. *Melcher v. Scruggs*, 72 Mo. 406; *Kearney v. Railroad,* 15 Mo. App. 576. The agency in this case *was* proven by the affidavit of Mr. Haeussler.

Preliminary to the discussion of the items of cost here in controversy, it may be stated that the entire subject of costs, in both civil and criminal cases, is a matter of statutory enactment; that all such statutes must be strictly construed, and that the officer or other persons claiming costs, which are contested, must be able to put his finger on the statute authorizing their taxation. *Miller v. Muegge*, 27 Mo. App. 670; *Shed v. Railroad*, 67 Mo. 687; *Gordons v. Maupin*, 10 Mo. 352; *Ford v. Railroad*, 29 Mo. App. 616.

It appears that the plaintiff brought an action in the circuit court of the city of St. Louis by attachment against the Charles Vogel Paint & Glass Company, and that the defendant Pohlman, the then sheriff of the city

of Louis, seized, under the writ of attachment, six hundred and two boxes of assorted window glass, fifty-four barrels of oxide of zinc, and sixty-five barrels of pine tar. Pohlman summoned three persons to appraise the goods, and he asked that the amount paid by him for the appraisement, to-wit, $45, and the additional sum of $3 for summoning the appraisers, be taxed as costs in his favor. The circuit court held that he was entitled to the amounts claimed.

We can find no statute authorizing the appraisement of goods seized under a writ of attachment. We can very well see that in many cases the value of goods seized may be a matter of very great importance to the sheriff. If the levy is insufficient, when it might have been extended to other goods belonging to the defendant in the execution or attachment, the sheriff would be liable to an action by the plaintiff. And, on the other hand, if the levy should be excessive, he might be sued by the owner of the goods for an excessive levy. But this does not authorize the sheriff to procure satisfactory evidence for his own protection, at the expense of the litigants. A sheriff must decide for himself the extent and sufficiency of a seizure. This is one of the responsibilities attached to his office. *Fitzgerald v. Blake*, 42 Barb. 513. The statement, that the appraisement was made at the request of the attorney for the defendants, is not borne out by the record. We, therefore, decide that the circuit court erred in allowing these two items of costs.

The court allowed the respondent, as part of his costs, $15 for labor and clerk hire. The statute ( R. S. 1889, sec. 549 ) provides that the court shall allow the officer having charge of property seized under an attachment reasonable compensation for his trouble and expenses in keeping the same. But, under the authority of *Miller v. Muegge, supra*, the officer must satisfy the court by evidence that the expenditure

was justifiable and reasonable. The only proof concerning this item was, that the sheriff had paid the money. If, on a retrial, the respondent satisfies the court by evidence that the expenditure was necessary, and the amount paid reasonable, then the charge should be allowed ; otherwise, it should be rejected.

The court allowed the respondent one-half commissions on the amount realized from the sale of the goods. This item is also challenged. Under the peculiar facts, a novel question is presented. The day on which the goods were attached, the defendant corporation made a general assignment for the benefit of its creditors. The assignee was let in to defend the suit, and he gave a forth-coming bond for the property. The property was afterwards sold by the assignee under an order of court, with instructions to hold the proceeds until the attachment suit was determined. This action was decided in the plaintiff's favor, and the assignee was ordered by the court to pay to the respondent's successor in office the amount of plaintiff's judgment, and a sufficient amount to cover costs, in which were included half commissions for the respondent. This charge must be sustained, if at all, under the following clause of section 4989 of the statutes in reference to the commissions of sheriffs. The clause reads : "For commissions for receiving and paying moneys on execution or other process, where lands or goods have been levied on, advertised and sold, three per cent. on $500, and two per cent. on all sums above $500, and half of these sums when the money is paid to the sheriff without a levy, or where the lands or goods levied on shall not be sold, and the money is paid to the sheriff or person entitled thereto, his agent or attorney." A proper construction of this clause does not authorize this item of costs. The commissions (if any) would go to the respondent's successor who collected and disbursed the money. If the respondent is entitled to any compensation, it

must be allowed him by the court under section 549 ( R. S. 1889), which reads : " When property is seized on attachment, the court may allow to the officer having charge thereof such compensation for his trouble and expenses in keeping the same as shall be reasonable and just."

The item of fifty cents for taking and returning the forth-coming bond is probably authorized by section 4989 of the statute, but we can find no authority for the fee of $1 for making application for an order to sell the property. Therefore, it should have been disallowed.

With the concurrence of the other judges, the judgment of the circuit court will be reversed, and the cause remanded for further trial in accordance with this opinion. It is so ordered.