E. C. Tittman, Public Administrator in Charge of the Estate of Michael Carroll, Respondent, v. John Thornton *et al.*, Appellants.

St. Louis Court of Appeals, April 4, 1893.

Practice, Trial: TAXATION OF COSTS: MOTION FOR RETAXATION. The clerk's taxation of the costs is *prima facie* correct, except as to costs taxed in his own favor. And, unless such taxation is challenged upon the ground that it is not in conformity with the judgment, or because items are included which are not taxable as costs at all, a motion for the retaxation of the costs must specifically point out the objectionable items.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

AFFIRMED.

*Alex. J. P. Garesche*, for appellants.

*Edward Cunningham, Jr.*, for respondent.

Rombauer, P. J.—The defendants on this appeal challenge the accuracy of the computation of interest made against them by the court in ordering the distribution of funds upon final decree, and also the legality of certain costs taxed against the funds. The facts upon which the controversy arises are as follows:

Michael Carroll obtained a judgment in the state of Iowa on June 16, 1881, against John Thornton for $4,499 damages and $29.45 costs, the judgment bearing six per cent. interest. He thereafter instituted proceedings in equity in the circuit court of the city of St. Louis to subject to the payment of this judgment the annuities arising from a certain fund held by the

defendant Kenrick in trust for John Thornton. In that suit such proceedings were had that, by an order of court made January 18, 1887, one Duggan, who claimed these funds under Thornton and adversely to Carroll, was made a party defendant, and thereupon by consent an order was entered therein that Kenrick should pay the annuities into court to await the final determination of the controversy. Carroll having died during the pendency of the proceedings, the plaintiff qualified as his administrator and was substituted in his place. On the twenty-sixth of January, 1888, the court made a final order and decree in the cause, finding that Thornton was indebted to the plaintiff in the sum of $6323.19, and entering a decree for the plaintiff for that sum with six per cent. interest from that date. The court further decreed that out of the funds in court the clerk first deduct the costs accrued, and pay the residue to the plaintiff, and that out of installments thereafter paid into court by Kenrick the clerk also deduct the costs accrued since the last payment, and pay the residue to the plaintiff. From this decree defendants appealed to the supreme court, which on the seventh day of December, 1891, affirmed it, stating in its mandate that the judgment aforesaid in form aforesaid be in all things affirmed and stand in full force and effect. *Tittman v. Thornton*, 107 Mo. 500.

On July 20, 1892, Thornton and Duggan appeared by attorney, and moved the circuit court to enter satisfaction of the decree on the ground that the same had been fully paid by the annuities paid into court by Kenrick prior to that date. They also moved to retax the costs in the case, on the ground that they were excessive, illegal and unauthorized by law, the motion, however, specifying no particular items of cost which

were thus challenged. The first of these motions was overruled, and the second sustained by reducing the clerk's costs from $63.35 to $59.10, and overruled as to the residue.

Upon the hearing of these motions the following facts appeared in evidence. The defendant Kenrick had paid into court, between the date of the institution of the suit and its final determination in January, 1892, the aggregate sum of $7,200. The mandate of the supreme court affirming the judgment was filed in the clerk's office of the St. Louis circuit court on January 16, 1892, whereupon the clerk at once paid to the plaintiff $6,704.05, retaining the sum of $495.95 as costs. If the taxation of the costs was correct, the account between the plaintiff and defendants under the decree at the date of the motion, July 20, 1892, showed an unpaid balance of $553.20, as will appear from the following statement:

| | |
|---|---:|
| Judgment, January 26, 1888....... ...................... | $6,323.19 |
| Interest 6 per cent. to January 16, 1892................. ....... | 1,507.03 |
| | |
| Total....... ...................... ............ | $7,830.22 |
| Add costs as finally taxed by the court ...................... | 491.65 |
| | |
| | $8,321.87 |
| Deduct payment into court up to January 16, 1892.............. | 7,200.00 |
| | |
| | $1,121.87 |
| Add interest from January 16 to July 1, 1892................... | 31.33 |
| | |
| Due July 1, 1892...........................................,....| $1,153.20 |
| Deduct payment made July 1, 1892.......... ................ | 600.00 |
| | |
| Balance due July 1, 1892............................. ..... | $553.20 |

It will be thus seen that, at the date of the filing of the motion, even if the entire costs were rejected, there was still a balance due on the judgment to the plaintiff, and the defendants' motion to enter the same satisfied was properly overruled.

The defendants challenge the computation of the interest on the ground that it is a compounding of interest against them; that they get no credit for interest on the installments of the annuities paid into court by the defendant Kenrick semi-annually; and that stating the account thus is inequitable. This argument loses sight of the fact that the computation was fixed by the decree of the circuit court of January 26, 1888, which was affirmed both as to *form. and substance* by the supreme court on December 7, 1891, and hence the question is not open for re-examination. There is no pretense that the plaintiff ever received any part of the fund prior to January 16, 1892; on the contrary it does appear that by writ of prohibition, issued by the supreme court at the instance of the appellants herein, the plaintiff was restrained from getting the benefit of any of the payments prior to the final determination of the suit. *State ex rel. v. Dillon,* 98 Mo. 90.

On that part of the case having reference to a re-taxation of the costs, the record discloses the following facts: The defendants' motion, as above seen, challenges the taxation of costs generally on the ground that they were excessive, illegal and unauthorized by law. The *motion* does not point out any item of the costs taxed, which are thus challenged. We have decided in *Haseltine v. Railroad,* 39 Mo. App. 434, that the taxation of the costs made by a clerk is *prima facie* correct, and that, where a fee bill is challenged on any other ground than the one that the costs are not taxed in conformity with the judgment, or that items are taxed as costs which are not taxable as costs at all, the motion must specifically point out the objectionable items, both for the protection of the clerk and the party claiming the costs.

Now in this case all the costs were taxable against the defendants; hence the costs were taxed in con-

formity with the judgment. On the trial of the motion, the defendant offered in evidence a batch of depositions, with the claim for notary's fees and costs for attendance of witnesses indorsed thereon, and rested. No proof was offered that the notary's charges indorsed on these depositions were excessive, or that any of these costs were unwarranted by law, or that the clerk taxed up the costs in excess of the charges thus made. Nor does it anywhere appear of how many folios these depositions consisted, nor that they were unnecessarily taken, nor that they were not taxable as costs in the suit.

The appellants are mistaken in the position that the burden of proof rested with the respondent to show the validity of this taxation. The clerk's taxation in favor of third parties necessarily makes a *prima facie* case. It is only where an officer taxes costs in his own favor that he assumes the burden of proof to make his claim good, when it is challenged by motion to re-tax the costs. *Miller v. Muegge*, 27 Mo. App. 670. The appellants in this case should have given affirmative evidence that the costs taxed against them were excessive. In the absence of such evidence, they had no right to complain of the action of the court in overruling their motion. In fact, as to the bulk of the costs challenged, the court would have been justified in overruling the motion because it was not specific enough.

All the judges concurring, the judgment is affirmed.