JOSEPH R. PILE et al., Respondents, v. STEPHEN A. ALLISON, Appellant.

Springfield Court of Appeals, February 3, 1913.

1. **APPEAL: Affidavit for.** An affidavit for appeal, made by appellant's attorney of record and in fact, fulfills the requirements of Rev. Stat. 1909, sec. 2040, as to who shall make the appeal affidavit. It is not necessary that the affidavit designate in what capacity the party making same assumes to act.

2. **INSTRUCTIONS: One Instruction Covered by Another.** All instructions are to be construed together. *Held*, in this case, that an instruction embodying the expression "in accordance with the terms of their employment" sufficiently covered all conditions of employment and cures any error occasioned by the refusal of an instruction on one particular condition.

Appeal from Jasper Circuit Court, Division Number One.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Byron H. Coon* and *I. N. Threlkeld* for appellant.

1. The agency created with plaintiffs by defendant was a special agency and plaintiffs' employment was limited by the terms thereof to the procurement of a loan from Gentiles. Story on Agency, (9 Ed., secs. 17 to 20, pp. 17 and 18, sec. 126, p. 141.) 2. The defendant had a right to decide for himself how his own business shall be conducted. Tate v. Evans, 7 Mo. 420; Judge v. Leclaire, 31 Mo. 127; Belt v. Good, 31 Mo. 128; Nesbitt v. Helsler, 49 Mo. 383; Meecham on Agency, sec. 273; Gelott v. Ridge, 117 Mo. 561; Kirkpatrick v. Wiley, 197 Mo. 169; 1 Blashfield on Instructions, sec. 90, p. 205; Stanfield v. Loan Ass'n, 53 Mo. App. 595.

*E. F. Cameron* for respondents.

All instructions are to be construed together and the instruction given required the jury to find every

element necessary to make out a case of this character. 153 Mo. 232; 105 Mo. App. 709.

ROBERTSON, P. J.—Plaintiffs sue to collect from defendant a balance of $37.50 on account of a commission claimed to have been earned by them in securing for defendant a loan of $2000 from a party ready and willing and financially able to make the same, but which the defendant refused to accept after it was procured.

Defendant admits that he employed plaintiffs to procure the loan, but with the agreement with plaintiffs that the loan should not be procured from any member of a particular and then designated sect.

Plaintiffs prevailed below and the defendant has appealed.

The respondents are insisting here that this court should not entertain jurisdiction on account of alleged defects in the affidavit for appeal. One of the defendant's attorneys, and who was attorney throughout the litigation in the lower court, and is one of the attorneys of record-here, made the affidavit of appeal and simply designated himself as the "agent" of the defendant. The statute (Sec. 2040, R. S. 1909) does not require the affidavit to designate in what capacity the party making it assumes to act; but as the party making the affidavit in this instance, was, as a matter of fact, the agent for the defendant acting in the apparent scope of his authority, the affidavit is evidently sufficient. [Ring v. Vogel Paint & Glass Co., 46 Mo. App. 374, 377.]

Appellant's sole contention here is that the court erred in refusing to give the instruction requested on his behalf to the effect that if the jury found and believed from the evidence that at the time the defendant applied to the plaintiffs for the loan, the defendant stated to the plaintiffs that he would not borrow money from a member of said sect in question,

and that the plaintiffs so understood it and it was a part of the contract of employment between plaintiffs and defendant, and it was found that the plaintiffs secured one of this particular sect to make the loan, then the verdict should be for the defendant.

The jury was, however, instructed at the request of the defendant that the burden of proof was upon the plaintiffs to prove by the preponderance or greater weight of the evidence that they were employed by the defendant to procure for him a loan and that they procured said loan, or that the plaintiffs found a party who was able, ready and willing to make the defendant a loan *in accordance with the terms of their employment,* and within the time they were to procure said loan, if they found the time was fixed, and if they further found that the plaintiffs had failed to establish such facts by the preponderance or greater weight of the evidence, then their verdict should be for the defendant.

This instruction fairly presented the issues to the jury and cured the error, if any there may have been in the refusal of the first instruction.- The judgment of the trial court is affirmed.   All concur.