### E. G. HANRICK v. ROBERT B. AKE.

#### No. 6390.

1. **Costs—Fees of District Clerk.**—Where by agreement of parties *one order* is to apply to a number of cases, and but one order is entered upon the minutes of the court, the clerk is entitled to a fee but for the one order.

2. **Same.**—While entries may properly have been entered in several cases, yet if not actually entered but in one case the clerk is entitled to the fee only for the judgment entry made.

3. **Costs on Change of Venue.**—Where the venue is changed in a number of cases, and the order for the change is included in one *entry upon* the minutes, and in the transfer of the cases the clerk made out a copy of the entries affecting each case, with proper certificate, he is entitled to fee for the certified copy and certificate in each case.

4. **Same—Volunteer Aid to Work of Clerk.**—One doing the labor for which fees are allowed to an officer is not therefore entitled to the fees of the clerk, but only to reasonable compensation for the labor done.

5. **Same.**—The right of an officer to the fees of his office is a franchise which belongs to him and does not go to the person who merely performs the work.

APPEAL from Travis. Tried below before Hon. D. W. Doom, Special District Judge.

September 2, 1887, Hanrick filed a motion to retax costs taxed against him by the district clerk of Williamson County in ninety-one cases in which appellant was plaintiff and ninety-one different persons were defendants, said causes having been removed by change of venue to Travis County on the application of plaintiff, where they are still pending. On October 29, 1887, the parties filed a written agreement or statement of the issues to be submitted, which is as follows, viz.:

"1. Is the clerk entitled to costs of entering judgment in each of the ninety-one cases, there having been but one judgment entered on the

minutes of the court as shown in the transcript filed, which recites by agreement of parties to the suits applied to all the suits?

"2.    Same question as to charge for entry of five orders in each case.

"3.    Is the clerk entitled to costs of transcript in each case, there having been in fact but one transcript in writing made, and the transcript now on file having been made up and printed at the expense of the plaintiff?

"4.    The plaintiff avers that the clerk simply signed his name and affixed his seal to each transcript, and did no other or different service on said transcript, and is entitled to costs of one transcript and fee for certificate and seal for the balance.

"5.    The clerk contending as to the last issue that he was entitled to make out transcript in each case, was ready, able, and willing so to do, and consented that the plaintiff should have the same printed at their (his) expense as an accommodation to them (him) to facilitate the work, but that his right to demand and receive fees was in no wise to be affected thereby."

The cause was tried without a jury.    The motion to retax was refused, and judgment was entered in favor of the clerk against plaintiff for the gross sum of $1497.50, and plaintiff appealed

The judge filed his conclusions of fact and law as follows:

"1.    Ninety-one cases, in all of which E. G. Hanrick is plaintiff, in each of which different persons are defendants, numbered 7809 to 7899 inclusive, were brought by change of venue from the District Court of Williamson County to this court.

"2.    In the District Court of Williamson County plaintiff filed a motion for a change of venue in each of the ninety-one cases.

"3.    On the 5th day of February, 1886, the court granted the motion to change the venue, and made one order in which it was recited that by agreement of counsel on file the action had in one case as to change of venue, the same exceptions taken and the same proceedings had, including motions to change the venue, affidavits, and all other proceedings, entries, and judgments connected with said motion for a change of venue, were to apply to and be regarded as a part of the proceedings in each of the ninety-one cases, giving the style and number of each case as fully as though they had severally transpired therein, and it was therefore ordered that the order should apply to each of the ninety-one cases, and that the venue of all said cases be changed to Travis County, which was the only order made and entered for the change of venue of any of said cases.

"4.    Prior to the order changing the venue five orders had been made and entered, each of which by its terms was made to apply to each of the ninety-one cases.

"5.    The order for change of venue having been made February 5, 1886, plaintiff desired to file the cases in the District Court of Travis

County by the first day of its next term, the first Monday in March, and to that end employed a competent man and paid him $25 to superintend the preparation of the transcripts for the change of venue.    The clerk of the District Court of Williamson County was at the time sick and unable to attend to his official duties, but had also employed a competent man to do the work of preparing the transcripts.    To facilitate the work plaintiff's agent had one transcript of all the orders made in manuscript, leaving the style and number of the case blank, and from this one manuscript had sufficient number of copies printed to make transcript in each case by inserting the style and number.    In all this work plaintiff's agent was assisted by the man employed by the clerk, and the clerk himself signed his name and affixed the seal of the court to each of the transcripts, making a complete transcript in each case of the five orders and the order to change the venue.    Plaintiff paid the cost of printing, which was $20.

" 6.    The clerk of Williamson County in taxing the costs in the ninety-one cases has charged in each case for each of the five orders made before the order for the change of venue, and in each case for the order to change the venue, and in each case for a transcript of the orders.

" 7.    Plaintiff makes a motion to retax the costs on the ground that the charge in each case for the same order, which was in fact but once entered on the minutes, is illegal, and alleges that the clerk of Williamson County agreed with plaintiff, in consideration of printing the transcripts, to charge for but one transcript, and 25 cents for his certificate and seal to each of the orders.    The agreement is not established."

Conclusions of law:

" 1.    The clerk of Williamson County in taxing the costs in each case properly charged for every order which applied to that case, although the same might apply to other cases.

" 2.    He properly charged for the transcript in each case.

" 3.    The plaintiff is entitled to credit for $20 paid by him for printing the transcript."

*Goodrich & Clarkson*, for appellant. — 1. A judgment containing several orders shall be considered as one judgment, and only one fee shall be charged by the court, clerk, or justice of the peace for rendering or entering the same.    Rev. Stats., art. 2413.

2.    The clerk having consented that the plaintiff should aid in making one transcript, and should then have the same printed at his expense, and the clerk having, pursuant to his agreement, certified to said printed copies, was entitled to costs of but one transcript and for certificate and seal for the remaining ninety copies.    Rev. Stats., arts. 2389, 2417.

3.    Parties to suits have a right to make agreements with a view of saving delays, costs, and expense of litigation, and such agreements do

not invade the prerogatives of the clerk nor authorize him to charge for services not in fact rendered and enforce collection by execution.

No brief for appellee.

COLLARD, JUDGE. — 1.   We think the court erred in allowing costs for ninety-one orders changing the venue in the ninety-one cases.   By agreement the one order was to apply to each and all the cases; there was to be but one order; only one order was made, which applied *by agreement* to all the cases, and but one order was actually entered on the minutes of the court.   The statute fixes the amount of clerk's fee for "each order, judgment, or decree" at 75 cents, and "when the judgment or decree exceeds two hundred words the additional fee for each one hundred words in excess of two hundred" is fixed at 15 cents.   Rev. Stats., art. 2389, p. 350.

2.   The court below finds that "prior to the order changing the venue five orders had been made and entered, each of which *by its terms* was made to apply to each of the ninety-one cases."   The clerk would be entitled to his fee for the five orders in each of the ninety-one cases if he actually entered them ninety-one times.   If he only entered them once in one case he would only be entitled to his fee for one order under the foregoing statute, because in such case there would in fact be but five orders made by the court and entered in the minutes.

3.   There were ninety-one transcripts made and certified by the clerk pursuant to the order changing the venue, each signed by him in his official capacity and attested by the seal of his office, and we think he was entitled to his fee for each transcript as made.   It is true plaintiff with the assistance of the clerk's employe made one manuscript copy and had from it ninety-one copies printed, so that to complete the transcript in each case nothing was to be done but to write in the style and number of each case, and it is true that plaintiff paid for the printing.   But suppose plaintiff had made out in writing all the transcripts, what would be the respective rights of the parties?   Clearly the plaintiff would be entitled to compensation for the labor performed for the clerk with his knowledge and consent, and the clerk would be entitled to the fees of his office allowed by law for each transcript certified and attested.   The fees of an office belong to the officer, and one doing the labor for him would not on that account be entitled to his fees.   The extent of the officer's liability when the labor is done by another would be reasonable compensation for the labor done.   The right to the fee is a franchise which belongs to the officer, and does not go to the person who merely performs the work. The right of the person doing the work would be a subject of contract, or, in the absence of a contract, a *quantum meruit.*

We conclude that the clerk should be allowed his fee for only one order

changing the venue, for the five orders in each case if they were entered in each, but in one case only if only entered in one, and for the ninety-one transcripts, from which should be deducted reasonable compensation to appellant for labor done by him in that behalf, and accepted by the clerk, and necessary expense incurred.

Because of the error of the court's judgment, as herein pointed out, we conclude it ought to be reversed and the cause remanded.

*Reversed and remanded.*

Adopted November 19, 1889.