STATE OF MISSOURI, Respondent, v. ARTHUR DUESTROW, Defendant; UNION TRUST COMPANY OF St. Louis, Appellant.

St. Louis Court of Appeals, April 7, 1897.

1. **Costs, Construction of Statutes in Relation Thereto.** The subject of costs, in both civil and criminal cases, is a matter of statutory enactment; and all such statutes must be strictly construed, and the claimant of costs, which are contested, must be able to point out the statute authorizing their taxation. *Ring v. Vogel*, 46 Mo. App. 374.

2. **Costs, Validity of Judgment for, Against Defendant in Insanity Inquiry.** An insanity inquiry, under the provisions of sections 4184, *et seq.*, of the statute, is not a civil action or proceeding within the meaning of section 2920 in respect to the recovery of costs, and a judgment therefor, upon such inquiry, against the defendant therein, not found to be insane, was unauthorized, and the execution and all proceedings thereunder void.

*Appeal from the Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

JUDGMENT SET ASIDE, AND GARNISHMENT PROCEEDINGS DISMISSED.

*Seddon & Blair* and *Silas B. Jones* for appellant.

A garnishment proceeding can not be based on a void judgment. *France v. Evans*, 90 Mo. 74. Nor on an execution, where the garnishee is summoned after the return day named therein. *Bank v. McDonald*, 46 Mo. 31. Nor on process served by one not authorized to serve it. *Fletcher v. Wear*, 81 Mo. 524.

It is both the right and duty of the garnishee to make defense that the court has no jurisdiction of the subject-matter or of defendant. This he must do for

his own protection. *Johnson v. M. Co.*, 57 Mo. App. 629; *Mercantile Co. v. Bettles*, 58 *Id.* 384; *Tourville v. R'y*, 61 *Id.* 527; see, also, *Bank v. McDonald, supra; Hope v. Blair*, 105 Mo. 85, 92; *Higgins v. Peltzer*, 49 *Id.* 152; *State v. Baker*, 482, 487.

The entire subject of costs in both civil and criminal cases is a matter of statutory enactment; and unless a person claiming costs can lay his finger on a statute authorizing their taxation, his claim will be held for naught. *Steele v. Wear*, 54 Mo. 531, 534; *Thompson v. M. E. Co.*, 77 *Id.* 520; *State v. R. R.*, 78 *Id.* 575, 577; *Houts v. McCluney*, 102 *Id.* 13; *St. Louis v. Meintz*, 107 *Id.* 611, 615; *Hoover v. R'y*, 115 *Id.* 77, 82; *In re Green*, 40 Mo. App. 491; *Ring v. Vogel P. & G. Co.*, 46 *Id.* 374; 4 Am. and Eng. Ency. Law, p. 314; 1 Bish. New Crim. Proc., sec. 1313.

All statutes relating to costs must be strictly construed. *Shed v. R'y*, 67 Mo. 687, 690; *Thompson v. M. E. Co., supra; In re Murphy*, 22 Mo. App. 491; *Ring v. Vogel P. & G. Co., supra.* See, also, *Steele v. Wear*, 54 Mo. 531; *Person v. Ozark Co.*, 82 *Id.* 491; *Bright v. Pike Co.*, 69 *Id.* 519; *State v. Clark*, 57 Mo. 25.

Sections 4184, *et seq.*, of the statute, providing for a preliminary inquiry as to the sanity of a prisoner about to be put on trial, are based upon a principle and practice of the common law. The inquiry might be made by the jury impaneled to try the crime charged, or by special jury, or such other means as the court in its discretion might adopt. Bus. on Insanity, sec. 457, et. seq.; *Freeman v. People*, 4 Denio, 9; *Commonwealth v. Braley*, 1 Mass. 103; *Rex v. Pritchard*, 7 Carr & Payne, 305; *Queen v. Goode*, 7 Adol. & Ellis, 536. See, also, Carr's Trial of Lunatics.

A criminal shall be adjudged to pay costs upon conviction of the crime with which he is charged. 1

R. S. 1889, sec. 4395. See, also, sec. 4265, and *State v. Ray Co.*, 52 Mo. 27, 30; *State v. Foss, Id.* 416, 417; *State v. Clifford*, 124 *Id.* 492, 497; *Ladd v. Couzins*, 52 *Id.* 454, 456.

At the time the garnishee answered herein, and the issues were made up, and the case was tried, the judgment in the criminal case was superseded by Duestrow's appeal to the supreme court. 1 R. S. 1889, sec. 4279.

The trustee of a pure, express, active and open trust is not subject to garnishment; and in a garnishment proceeding the court can not look into the account of such trustee, so far as to ascertain that he is accountable for a sum larger than plaintiff's demand or judgment, and then order the amount thereof to be paid by the trustee. *Lackland v. Garesche*, 56 Mo. 267. See, also, *Seedy v. Bank*, 62 Mo. 17, 25; *Dodd, Brown & Co. v. Levy*, 10 Mo. App. 121, 123; *Atwood v. Hale*, 17 *Id.* 81, 88; *Beckman v. T. H. Co.*, 19 *Id.* 596, 603; *State v. Netherton*, 26 *Id.* 414, 426; *Organ Co., v. Petitt*, 34 *Id.* 536, 545; *Ault v. Eller*, 38 *Id.* 598, 609; *Coffin Co. v. Fritz*, 41 *Id.* 389, 396; *Nelke & Co. v. Baldridge*, 43 Mo. App. 333, 337.

To subject a party to garnishment, there must be such privity of contract or interest between the garnishee and defendant as would give defendant an action at law against the garnishee. *Atwood v. Hale*, 17 Mo. App. 81, 88.

An action at law for money had and received will not lie against a trustee while the trust is open.

*Charles E. Farrar*, prosecuting attorney Franklin county, for respondent.

An insanity inquisition is a civil proceeding to determine the mental status of the accused prior to

being put upon trial to answer a criminal charge, and is also purely statutory. 1 R. S. 1889, secs. 4184–4186.

In all civil proceedings, the party prevailing shall recover his costs, and the state being such party in this case is entitled to judgment for costs. 1 R. S. 1889, sec. 2920; *Steele v. Wear*, 54 Mo. 531, 534; *Hart v. Fitzgerald*, 2 Mass. 509; *Coffin v. Cottel*, 9 Pick. 287.

Costs are always to be taxed against losing party. The defendant losing, and the insanity inquiry being a civil proceeding, costs were rightly taxed. 1 R. S. 1889, sec. 4184–4186; *Id.*, secs. 2940–2946; *Hart v. Fitzgerald, supra; DuPont v. McLaran*, 61 Mo. 502, 511.

No costs are authorized to be taxed against a defendant in an insanity inquiry under sections 4184, *et seq.* of the statute when he is found by a jury to be sane. Therefore no fees or costs can be taxed at all, in direct contradiction to 2 Revised Statutes 1889, section 4980. Who then is liable but defendant?

Even had defendant been found insane, the statute provides that he shall pay all costs. 1 R. S. 1889, sec. 4185; 2 *Id.*, sec. 4980; *Id.*, chap. 64.

An appeal from a judgment upon the merits does not operate as a *supersedeas* for the costs in the case, nor deprive the clerk of the right to issue fee bill for fees earned in the case. *State ex rel. v. Emmerson*, 74 Mo. 607; *Johnson v. Latta*, 84 *Id.* 139; *State v. Barker*, 63 Mo. App. 535; 1 R. S. 1889, sec. 2946; *Id.*, sec. 4265.

If trustee can be sued at law, he can be garnished as to so much of the fund as he can be so sued for. *Lackland v. Garesche*, 56 Mo. 267, 271; *Mercantile Co. v. Bettles*, 58 Mo. App. 384, 390; *Beckham v. T. H. & Co.*, 19 *Id.* 596, 606.

Property in hands of trustee unincumbered with any trust can be reached by garnishment. *Lackland v. Garesche, supra; Atwood v. Hale,* 17 Mo. App. 81, 88; Freem. on Ex., sec. 160; Drake on Atl. 485.

When, in a contingency, garnishee becomes liable, he is not entitled to a discharge. *Weil v. Posten,* 77 Mo. 284, 289; *Mercantile Co. v. Bettles, supra.*

The question whether a fund garnished is a trust fund, may be litigated upon proper issues, in garnishment under execution. *Brown & Ham v. Gummersell,* 30 Mo. App. 341, 346.

BIGGS, J.—The contention is that the judgment against the appellant can not stand for the reason that the execution, under which the garnishment proceedings were had, was issued on a void judgment. The facts are undisputed. An indictment for murder was pending against Duestrow in the circuit court of Franklin county. Acting under the provisions of the statute (sections 4184, *et seq.*) the judge of that court directed an "inquiry" to be made as to the insanity of Duestrow. The investigation was had and the jury found that he was sane. A judgment for the costs of the investigation was entered against him. An execution was issued on the judgment and the appellant was summoned as garnishee. The latter resisted the garnishment, on the grounds that the judgment was unauthorized, and that the funds in its hands were not subject to garnishment.

It is conceded by counsel for respondent that Duestrow is not liable for the costs of the insanity inquiry, unless there is a statutory warrant for it.

CONSTRUCTION of statutes in relation to costs. · We repeat, as we have decided in several cases, "that the entire subject of costs, in both civil and criminal cases, is a matter of statutory enactment; that all such statutes must be strictly con-

strued, and that the officer or other persons claiming costs, which are contested, must be able to put his finger on the statute authorizing their taxation." *Ring v. Vogel*, 46 Mo. App. 374.

The common law practice permitted inquiries as to the insanity of a person accused of crime whenever the court had good reason to believe that he was of unsound mind. Our statute as amended in 1883 is founded on this rule of practice, and it makes it the duty of a trial judge to stop all further proceedings and direct an inquiry to be made into the condition of the mind of any person held under indictment before him, whenever he has good reason to believe that the mind of such person is impaired to such an extent as to render him incapable of entering upon his trial. The amendatory sections make no provision for the payment of the costs of the inquiry, except where the accused is found to be insane. In such a case if he has property the costs "shall be paid out of his property by his guardian." (Section 4185.) It is plain therefore that there is no warrant in the statute which authorizes the "inquiry," for the judgment against Duestrow. We understand that counsel for the state concedes this, and that he rests his case on section 2920 of the statute, which reads: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." To sustain the judgment against Duestrow under this section, we must hold *first*, that the "inquiry" into the insanity of Duestrow was a civil action, or proceeding, and, *second*, that the state was the prevailing party therein. What is a civil action? It has been defined to be "an action which has for its object the recovery of private or civil rights or compensation for their infraction." 1 Bouv.

*(margin note: VALIDITY of judgment for costs against defendant in insanity inquiry.)*

Law Dict., p. 317.  Stroud defines it to be "a process for the recovery of individual right or redress of individual wrong."  Stroud's Judicial Decisions, p. 130. Rapalje says that it is "an action to enforce a private or civil right or to redress a private wrong." Rapalje Law Dict., p. 213.  Now, in the insanity inquiry was Duestrow seeking to enforce a right or redress a wrong? Or can it be said that the state was seeking to enforce a right against him, or to redress a wrong that he had committed?  These are the tests, and when they are applied the conclusion is unavoidable that such a proceeding can not be regarded or classified as a civil action.

Again, is it not unreasonable to hold Duestrow responsible for the costs of a proceeding which he did not start, and could not control or stop, upon the theory that he was a losing party?  And is it not as equally illogical to say that the state under the circumstances was the prevailing party?  The law in its humanity required the trial judge to order the "inquiry," as he had good ground to believe that Duestrow was insane, and when ordered it was the duty of the prosecuting officer to conduct the proceeding.  This duty did not require him to assume the role of a prosecutor, but to act indifferently, that is, without prejudice, for it was his sacred duty as an officer to see to it that Duestrow was not tried and punished if he was of unsound mind.  Hence the verdict of the jury against the insanity of Duestrow did not make the state a prevailing party in a legal or technical sense.  The verdict only determined that Duestrow was in a proper condition of mind to be put on trial for the crime with which he was charged.  Whether the subsequent judgment of conviction against Duestrow carried with it the costs of the insanity inquiry, is a question outside of the record, and hence we express no opinion on that subject.

It follows that the judgment against Duestrow was

unauthorized and that the execution and all proceedings thereunder are nullities. Therefore the judgment against the garnishee will be set aside and the garnishment proceedings dismissed. All the judges concur.