STATE OF MISSOURI ex rel. HUEBLER, Appellant, v. BOARD OF POLICE COMMISSIONERS, Defendant; HAUSCHULTE, Respondent.

St. Louis Court of Appeals, November 1, 1904.

1. MANDAMUS: Alternative Writ: Recitals. In a mandamus proceeding the alternative writ is the first pleading and must set forth by way of recitals the allegations of the petition for the mandamus.

2. COSTS: Clerk's Fees for Copying: Mandamus. Under the statute allowing the clerk of the circuit court one dollar for issuing every writ and ten cents per hundred words for copies of papers, he is entitled to ten cents for every hundred words of each copy of the petition for mandamus which he incorporates in his alternative writ, in addition to the dollar for issuing the writ.

3. ———: ———: Copies Furnished. The clerk of the circuit court can not be deprived of the costs taxable for making copies of pleadings by reason of the fact that the parties make and furnish him such copies.

4. ———: Allowed Only by Statute: Statute Strictly Construed. An officer of a court claiming fees for services must point out some statute expressly allowing the fees he claims, and such statute should be strictly construed.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

*Joseph Wheless* for appellant.

This statute allowing fees must be strictly construed; the services for which the fee is claimed must have been actually performed; and the burden of proving himself entitled to the fee claimed is on the clerk or officer claiming it. "The rule is that all statutes in reference to costs must be construed strictly, and that an officer cannot legally claim remuneration unless the State has expressly conferred the right." Shed v. Railroad, 67 Mo. 687; St. Louis v. Meintz, 107 Mo. 611, 18 S. W. 30; State v. McO'Blenis, — Mo. —; Gammon v. Lafayette County, 76 Mo. 675; In re Murphy & Spillane, 22 Mo. App. 476; Ring v. Paint & Glass Co. 46 Mo. App. 374; Miller v. Muegge, 27 Mo. App. 670; Ford v. Railroad, 29 Mo. App. 616; State v. Union Trust Co., 70 Mo. App. 311; Tittman v. Thornton, 53 Mo. App. 512.

*Chas. W. Bates, Wm. F. Woerner* and *John T. Fitzsimmons* for respondent.

It is true that, for the purposes of pleading, a recital of the allegations of the petition should be contained in the alternative writ of mandamus; this, however, is the extent to which the authorities cited by appellant go. The alternative writ is regarded as the first pleading and must set forth by way of recital the allegations of the petition. Hambleton v. Dexter, 89 Mo. 188, 1 S. W. 234; Ladue v. Spaulding, 17 Mo. 159; Bell v. County Court, 61 Mo. App. 173.

BLAND, P. J.—In 1900 a mandamus suit was commenced in the circuit court, of the city of St. Louis, by the appellant herein against the board of police commissioners (composed of five members) of the city of St. Louis. The petition for mandamus contained twenty-four separate and distinct counts. An original alternative writ of mandamus, for the use of the sheriff, and five copies thereof, for service upon each of the defendants, were issued by the clerk of the circuit court and delivered to the sheriff. The writ was duly served by delivering to each of the defendants a copy of the original writ. The cause was finally decided by the Supreme Court adversely to relator. (See 177 Mo. 360.) After the final termination of the suit, the clerk of the St. Louis circuit court made out his fee bill against the appellant therein for his costs that accrued in the mandamus proceeding. This fee bill contained these items: ''Copies, 6 copies at $13.30, $79.80,'' and ''Writs, $6.'' Appellant appeared in the circuit court and moved to retax these two items of cost for the following reasons:

''1. The item 'Copies, 6 copies at $13.30. $79.80,' because said charge for alleged 'copies' is not allowed by law and no such service performed by the clerk in making 'copies' of anything in this case; the only service rendered by the clerk, and for which fees are by law allowed, was to issue the alternative writ of mandamus, for which a fee of $1 is allowed by statute, and no more, and said fee of $1 is taxed in said bill in the item 'Writs, $6;' and for the further reason, that even if the clerk did issue 'copies,' he did not make or prepare the same, but they were furnished in printed form by relator at his own expense, and are not properly chargeable in costs by the clerk.

''2. The item 'Writs, $6,' should be retaxed and allowed only as $1.50, for the reason that only one alternative writ of mandamus was issued in this case,

which is taxable at $1, and the clerk issued five copies of said writ, for which the statute allows a fee of ten cents each.''

The item for six dollars for writs was withdrawn at the hearing. In respect to the other item, the evidence shows that at ten cents per one hundred words and figures, a copy of the petition for mandamus amounted to $13.30. It further showed that the clerk attached a copy of the petition to the writ of mandamus and made it a part thereof, and that such copy was attached to each of the five copies of the writ furnished the sheriff for service on the five defendants. It further appears that these six copies were printed copies of the petition furnished the clerk by the appellant herein.

After hearing the evidence on the motion the learned circuit judge delivered the following opinion and overruled the motion, from which ruling the appeal was taken:

''The relator in this case, which is a mandamus proceeding, files a motion with a fee bill attached, asking that an item for 'six copies' amounting to $79.80 be disallowed, and also that an item 'Writs,' $6, be also disallowed. The contention of the relator as to the item charged for writs, was abandoned, and it is not necessary, therefore, to give it further consideration.

''The item of $79.80 is a charge made by the clerk for six printed copies of the original petition which was filed in the case, which are embodied in the alternative writs of mandamus which were issued. The alternative writ is in substance, that, whereas a petition was filed praying for a writ of mandamus, and presented to the court, which petition is in words and figures following, to-wit: (Here follows a copy of the petition for which the contested charge is made), and whereas, upon consideration thereof it was ordered that an alternative writ of mandamus should issue as prayed: 'These are, therefore, to command you, as

members of the board of police, to draw and issue warrants showing that the city of St. Louis is indebted to the relator, Anton Huebler, for salary as captain of the police force, in the sum of, etc., etc., or appear before this court in room No. 3, on Wednesday, November 28, 1900, at 10 a. m., then and there to show cause, if any, why they should not.'

"The clerk is allowed as costs for drawing, sealing and entering every 'writ' original or judicial, and filing and docketing the same, the sum of $1, and 'for copies of records and papers, for every hundred words, ten cents.'

"In this State, as in New York, Indiana, Illinois and other States, the alternative writ is the first pleading and stands as the declaration in a common law action. The answer, motion to quash, or demurrer of the respondent must be directed to the alternative writ and the mandamus is served by delivering the writ to the person to whom it is directed.

"As the alternative writ is regarded as the first pleading in the case, it must set forth, by way of recital, the allegations of the petition. These propositions have been repeatedly decided in this State. Hambleton v. Town of Dexter, 89 Mo. 188; Ladue v. Spaulding, 17 Mo. 159; Bell v. County Court, 61 Mo. App. 173.

"These rulings were followed in this case and a copy of the petition was contained in each of the alternative writs of mandamus served upon the defendants.

"It is contended that, as the clerk is entitled to a fee of one dollar, for issuing each writ, and as under these decisions, the alternative writ of mandamus must contain all the allegations of the petition, the clerk is entitled to but one dollar for each writ in any case, and, that though the petition copied therein be one or a thousand pages long, he is entitled to receive only one dollar for his services.

"This argument assumes that for the purpose of taxation of costs, the copy of the petition set forth is an

integral, indivisible part of the alternative writ of mandamus. This question has not, so far as I have been able to ascertain, been passed upon by the courts.

"All that has been determined in the cases cited by the counsel for the relator is, that for the purposes of pleading, the allegations of the petition must be contained in the alternative writ; the distinctive parts of the alternative writ were not discussed.

"The original history and nature of the writ of-mandamus is reviewed in the case of State ex rel. La-clede Bank v. Lewis, 76 Mo. 7.17, which accepts the definition of the writ of mandamus of Mr. High, a text-writer of acknowledged ability, as being 'a command issuing from a common law court. in the name of the State or Sovereign, directed to some corporation officer, or inferior court, requiring the performance of a particular duty there specified.'

"Applying this definition to the alternative writ issued in this case, we find that every element of it is contained in the writ, without including the petition copied therein. Without the petition, it contains a 'command' directed to the members of the police board, requiring them to make out and deliver to the relator certain city warrants covering his salary, or to appear in court and show cause, if any, why they should not.

"The alternative writ of mandamus contains two distinct features, the copy of the petition, and the command to do certain designated things, or show cause to the contrary. All that portion which contains the allegations of the petition does not require the doing of anything, and is inserted not to characterize the command, but to conform to the law respecting pleadings.

"I am, therefore, of the opinion that the copy of the petition contained in the alternative writ, is not such a part of the writ as, for the purpose of taxation, to lose its identity as such copy, and that the clerk is entitled to his fee therefor as for a copy of the petition.

"Quite a number of these suits were brought

against the police board, and as the petitions were very lengthy, printed copies were made by the relators, which were used by the clerk and incorporated in the alternative writs.

"It is contended that inasmuch as the clerk used these printed copies, he is not entitled to compensation as for 'copies.'

"The costs taxed for copies are a part of the emoluments of the office necessary to discharge the expenses of the office, such as the hire of clerks employed to make copies, and the clerk can not be deprived of such compensation, by reason of the fact that parties make and furnish to him copies of their petition.

"Such copies thus furnished are not in the eye of the law, legal 'copies.' 'Copies' for which a charge can be made are the 'copies' issued and certified to be copies, under the hand of the clerk, with the seal of the court attached, as in the case at bar. Muerhead's Case, 13 Ct. of Claims 251.

"The fee of one dollar in this case covered the writ of command contained in the alternative writ, and does not cover the duly certified copy of the original petition contained therein."

As contended by the appellant, an officer of the court claiming fees for services must be able to put his finger on some statute expressly allowing the fee he claims, and if he is unable to do so he is not entitled to the fees. Ring v. Paint & Glass Co., 46 Mo. App. 374; Miller v. Muegge, 27 Mo. App. 670; Ford v. Railway, 29 Mo. App. 616; State v. Union Trust Co., 70 Mo. App. 311. And it is also true that statutes regulating costs should be strictly construed. But it is equally true that the Legislature has provided compensation in the way of fees to the clerks of the circuit courts for services which the law requires them to render and when it appears they have rendered such services they ought not to be deprived of the fees allowed for like services because the extraordinary and particular procedure in

which the services were rendered is not specifically named in the statute. We think the learned circuit judge took the proper view of this matter and we adopt his opinion as our own and affirm the judgment. All concur.