BLACKWATER DRAINAGE DISTRICT, Appellant, v. JOSEPH H. BORGSTADT, Respondent.

Kansas City Court of Appeals, March 4, 1912.

1. **FEES: Clerk: Drainage Statute.** The statute providing for the enlargement of a drainage district, directs that when the petition for the enlargement is filed with the clerk of the circuit court, he shall "cause each owner of the lands to be included in such district, to be notified by summons with a copy of the petition attached, which notice shall be served," etc. It does not provide the fees he shall receive. *Held*, that he should receive the fees allowed for similar work under the general statute.

2. ———: ———: **Petition and Summons: Number.** If the clerk of the circuit court is required to and does issue more than two hundred summonses with copy of petitions attached thereto, he is entitled to fees for each, and the large number does not alter the rule.

3. ———: ———: ———: **Blanks Furnished by Party.** Where the clerk of the circuit court is required by the drainage statute to issue a large number of summonses with copies of the petition attached, the fact that he issues them from printed blanks voluntarily furnished to him by the persons seeking to enlarge the drainage district, does not preclude him from charging the usual fees for such service.

Appeal from Johnson Circuit Court.—*Hon. N. M. Bradley*, Judge.

AFFIRMED.

*J. W. Suddath & Son* for appellant.

*James A. Kemper* for respondent.

ELLISON, J.—The plaintiff, as its name indicates, is a drainage district. The defendant is the clerk of the circuit court of Johnson county. This controversy is over fees said to be due the clerk in a proceeding to enlarge the district as is contemplated by section 5500, R. S. 1909. The defendant issued a fee bill, including fees of other officers with his own. Several of those in the names of other officers had been paid and as they are not involved we will drop them out of consideration. The total of all costs included in the bill was $4057.25. Plaintiff moved to quash the fee bill. The circuit court corrected some items, but in the main supported the claim of the defendant, allowing him $3666.85, whereupon plaintiff appealed.

The chief items of cost due to the clerk were for issuing 229 summonses with copies of the petition attached, as is provided by section 5500. That statute reads that: "When such petition (for enlarging the district) is filed, the clerk of the circuit court shall cause each owner of the lands to be so included in such district, to be notified by summons with a copy of a petition attached, which notice shall be served not less than fifteen days before the first day of the next term of the circuit court, but if such owner or owners are non-residents, or if they are unknown, notice by publication shall be given as provided in this article." The clerk shall cause each landowner "to be notified by summons with a copy of a petition attached." That, of course, means that the clerk must issue a summons and attach to it a copy of the petition. The general statute provides what fees the clerk is allowed for such service, and that statute must be held to fix the compensation unless some special provision is found

in the drainage statute which would be held to qualify or restrict the general statute, and plaintiff claims that office for section 5527, reading as follows:

"The board of supervisors, except where otherwise provided, shall, by resolution, at time of hiring or appointing, provide for the compensation for work done and necessary expenses incurred by any officer, engineer, attorney or other employee, and shall also pay the fees, *per diem* and necessary expenses of all court and county officers who may by virtue of this article render service to said district."

We do not think that statute bears out plaintiff's claim. On the contrary, we think the concluding words "and shall also pay the fees" due all court and county officers who may render service to the district, must recognize the fees for such service under the general statute, for none other are provided.

But it is claimed that the clerk did not do the work; that copies of summons and petition were prepared and printed for him. This contention leaves out of view one of the chief considerations which support a statutory fee, and that is, responsibility. If by any means the clerk had caused damage by sending out papers which were not copies, he and his bondsmen would have been liable. As said by the St. Louis Court of Appeals in State ex rel. v. Board of Police Commissioners, 108 Mo. App. 98: "Such copies thus furnished are not in the eye of the law, legal 'copies'. 'Copies' for which a charge can be made are the 'copies' issued and certified to be copies, under the hand of the clerk, with the seal of the court attached, as in the case at bar."

It is a matter which we judicially know, that nearly all process and official acts are issued upon what are known as printed blanks, filled in by the officiating officer, and we have not heard challenged his right to charge for the printed words.

But plaintiff says that the sheriff, and not the clerk, should furnish the copies of the petitions, and that he, under the terms of section 1760, should receive the fees. That position, as already intimated, is answered by the statute itself (sec. 5500) which says that the "clerk" shall cause each owner to be notified with summons with copy of the petition attached. It does not read, as does section 5497, in reference to the *original formation* of the district that the clerk shall issue a summons which shall be served "as (a) summons in civil cases."

Section 5506 of the statute makes it the duty of the clerk to furnish the Secretary of State and the county clerk, within twenty days after the district has been declared a corporation, with a certified copy "of the record relating thereto," and we therefore think the allowance for that item was correct.

After a careful consideration of the briefs, and argument of counsel, we can see no legal reason for disturbing the judgment of the circuit court. The statute clearly lays down the duty of the circuit clerk. Those duties are compensated by certain fees which the statute allows and the Legislature has not seen fit to lessen the fee on account of there being a large number of parties to the proceedings.

Many of the court officers of the state are paid in fees, and if they can be deprived of these by the party litigant doing the work of preparing his writs and copies, he would find himself under heavy responsibility without reward. If the clerk or other officer employed others to do manual labor for him in preparing his records, the question of his liability therefor is wholly outside this case.

It seems that the clerk attached the certificate and seal to the summonses and to the copies of the petition. The summons, as a court writ, undoubtedly should have a certificate and seal. Whether the attached copy of petition should have, we need not consider, since

that is conceded to be properly charged in the motion to quash, and only the charge for preparing the copies of the petition is assailed.

The cases of State ex rel. v. Board of Police Commissioners, supra, and Hanrick v. Ake, 75 Tex. 142, support the views we have herein expressed. The judgment should be affirmed. All concur.