VIDAL, PETITIONER AND APPELLANT, v. MARRERO, SECRETARY OF THE DISTRICT COURT OF SAN JUAN, SECTION 1, RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in *Mandamus* proceedings.

No. 1092.—Decided April 13, 1914.

FEES OF SECRETARY OF COURT—COPIES OF DOCUMENTS—COPY PREPARED BY AT-
TORNEY.—The fees which a secretary of a district court should collect for certifying to a copy of a document are twenty cents per folio plus twenty-five cents for the certificate, and the fact that the copy of the document was made by the attorney and so presented to the secretary does not change this rule.

ID.—INSPECTION OF PUBLIC DOCUMENT—COPIES OF DOCUMENTS.—The right which every citizen has under section 47 of the Law of Evidence of 1905 to inspect and copy any public document, does not mean that the secretary of a district court is compelled to certify to said copy of documents of which he is the custodian unless he receive the proper fee.

The facts are stated in the opinion.

*Mr. Enrique Rincón* for the appellant.

*Mr. Charles E. Foote, fiscal,* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

Josefina Vidal made an application for a *mandamus* to the District Court of San Juan. The petition set up that she was entitled to a share in the estate of her father, Isidro Vidal Amadeo, and that the court ordered that certificates of the partitional shares should be issued to the heirs in order that such shares might be recorded in the registry of property. Thereafter the attorney for the petitioner prepared a copy

of the partitional account made by the master (*contador partidor*) and asked the secretary of the district court, Don Celestino Marrero, to certify to the same under his seal, tendering him the sum of 25 cents for such certificate. The secretary of the district court refused to issue such certificate unless he was paid at the rate of 20 cents per folio for each page of the document he was called on to certify, which in this case would amount to $20. The court denied the application for a *mandamus* on the ground that the secretary had correctly interpreted the law.

The *fiscal* has appeared in this case and has cited jurisprudence of various states and particularly in the case of *Shelbley* v. *Hurley,* 74 Neb., 31, to the effect that under similar statutes the clerk of a court is under no obligation to certify to the correctness of a document prepared by a party and is entitled to reasonable compensation therefor, and if he insists on recovering the amount to which he would have been entitled if he had prepared the document himself, he is violating no law. See likewise *Edmondson* v. *Mason,* 16 Cal., 387; *State ex rel.* v. *Board of Police Commissioners,* 108 Mo. App., 98.

We do not know, as the appellant asserts, that the office of clerk is generally a fee office wherein the clerk gets no salary and is dependent solely on such fees. We know the fact to be otherwise in several jurisdictions. In Porto Rico these fees are covered into the Treasury and the same reason for their being paid would obtain as if the secretary were recovering for the benefit of his own pocket.

Appellant places some reliance on section 47 of the Law of Evidence which provides:

"Every citizen has a right to inspect and take a copy of any public document of Porto Rico, except as otherwise expressly provided by law."

A citizen has a right to inspect and take a copy of each document, but such right does not involve the right to have

the secretary certify to the truth or correctness of such document where he is the custodian of the same.

In the case before us the copy was wanted for the registry of property and affected a title and the rights of third persons. The secretary was ordered to issue a certificate of the findings of the master. He was responsible for the correctness of the same and entitled to charge the legal rate for the issuance of the certificate and the folios to which it referred. The secretary violated no duty and the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.