VIDAL, PETICIONARIA Y APELANTE, v. MARRERO, SECRETARIO DE
LA CORTE DE DISTRITO DE SAN JUAN, SECCIÓN 1ª., DEMAN-
DADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª., en un caso sobre *mandamus.*

No. 1092.—Resuelto en abril 13, 1914.

CERTIFICACIÓN DE COPIAS DE DOCUMENTOS—SECRETARIOS DE LAS CORTES DE DIS-
TRITO—DERECHOS POR CERTIFICAR UNA COPIA PREPARADA POR EL ABOGADO.—
Los derechos que debe cobrar un secretario de una corte de distrito por cer-
tificar una copia de un documento son de 20 centavos por folio más 25
centavos por la certificación, y no altera estos derechos el hecho de que la
copia del documento haya sido preparada por el abogado y se la traiga hecha
al secretario.

ID.—INSPECCIÓN DE DOCUMENTOS PÚBLICOS.—El derecho que de acuerdo con el
artículo 47 de la Ley de Evidencia de 1905 tiene todo ciudadano a inspec-
cionar y sacar copia de cualquier documento público no quiere decir que el
secretario de una corte de distrito que tiene a su cargo dicho documento esté
obligado a certificar dicha copia si no se pagan los derechos correspondientes.

Los hechos están expresados en la opinión.
Abogado de la apelante: *Sr. Enrique Rincón.*
Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*
EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Josefina Vidal presentó una solicitud en la Corte de Dis-
trito de San Juan para que se expidiera un auto de *mandamus.*
En la petición se expresa que ella era copartícipe en la testa-
mentaría de su padre Isidro Vidal Amadeo habiendo orde-
nado la corte que se expidieran copias certificadas de las
participaciones a los herederos con el fin de que las mismas
fueran inscritas en el registro de la propiedad. Posterior-
mente el abogado de la peticionaria preparó una copia de la
cuenta particional hecha por el contador partidor y requirió
al secretario de la corte de distrito, Don Celestino Marrero
para que la certificara bajo sello mediante el pago de veinte y
cinco centavos por dicha certificación. El secretario de la
corte de distrito se negó a expedir la referida certificación
a menos que se le pagara a razón de veinte centavos por folio

por cada página del documento que había de certificar, cantidad que en este caso ascendería a veinte dólares. La corte declaró no haber lugar a expedir el auto de *mandamus* por el fundamento de que el secretario había interpretado correctamente la ley.

El Fiscal ha comparecido en este caso y citado jurisprudencia de varios Estados y especialmente la del caso de *Shelbley* v. *Hurley,* 74 Neb., 31, para demostrar que de acuerdo con estatutos semejantes el secretario de una corte no está obligado de modo alguno a certificar respecto a la corrección de un documento que ha sido preparado por una parte, y tiene derecho a exigir el pago de derechos que sean razonables por su certificación; y si insiste en exigir el pago de la suma que tendría derecho a cobrar si él mismo hubiera preparado el documento con esto no infringe ninguna ley. Véanse asimismo los casos de *Edmondson* v. *Mason,* 16 Cal., 387; *State ex. rel.* v. *Board of Police Commissioners,* 108 Mo. App., 98.

No sabemos, como alega el apelante, que la oficina del secretario es generalmente una oficina en que se cobran derechos, donde el secretario no percibe sueldo alguno y depende exclusivamente de dichos derechos. Sabemos que el caso es distinto en varias jurisdicciones. En Puerto Rico estos derechos ingresan en el Tesoro y hay la misma razón para pagarlos que si se exigieran por el secretario para beneficio propio.

El apelante funda en cierto modo sus alegaciones en el artículo 47 de la Ley de Evidencia, que prescribe lo siguiente:

"Todo ciudadano tiene derecho a inspeccioner y sacar copia de cualquier documento público de Puerto Rico, salvo lo expresamente dispuesto en contrario por la ley."

Un ciudadano tiene derecho a inspeccionar y sacar copia de cualquier documento, pero ese derecho no envuelve el de hacer que el secretario certifique respecto a la veracidad o corrección de dicho documento cuando lo tiene bajo su custodia.

En el caso que consideramos se necesitaba la copia para el registro de la propiedad y ésta afectaba al título y derechos de terceros. Se ordenó al secretario que expidiera una certificación de la partición hecha por el contador. Él era responsable de su corrección y tenía derecho a cobrar los derechos exigidos por la ley por la expedición de la certificación y folios a que la misma hacía referencia. El secretario no infringió ningún deber y debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres Presidente Hernández y Asociados del Toro y Aldrey.